IN THE UNITED STATES DISCTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MONETTE E. SACCAMENO, | ) | 15 CV 1164 |
| | ) | |
| Plaintiff, | ) | Hon. Joan B. Gottschall |
| | ) | |
| v. | ) | |
| | ) | |
| OCWEN LOAN SERVICING, LLC; U.S. BANK | ) | |
| NATIONAL ASSOCIATION AS TRUSTEE FOR | ) | |
| THE C-BASS MORTGAGE LOAN ASSET- | ) | |
| BACKED CERTIFICATES, SERIES 2007 RP1; | ) | |
| POTESTIVO & ASSOCIATES, P.C., | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

NOW COMES, Defendant, POTESTIVO & ASSOCIATES, P.C., ("Potestivo"), by and through its attorney, POTESTIVO & ASSOCIATES, P.C., and moves to dismiss Count III of MONETTE SACCAMENO's ("Plaintiff") Complaint for failure to state a claim for which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), and in support of its Motion states:

**FACTUAL ALLEGATIONS AND RELEVANT PROCEDURAL HISTORY**

On February 9, 2009, U.S. Bank National Association, as Trustee ("U.S. Bank") filed a foreclosure action against Plaintiff. The foreclosure was filed as a result of Plaintiff's default on a loan held by U.S. Bank at the time the foreclosure action was filed, of which occurred on November 1, 2008. After the foreclosure was filed, Plaintiff filed bankruptcy on December 31, 2009. The bankruptcy court ultimately entered an Order of Discharge in Plaintiff's bankruptcy on June 27, 2013. Upon request of Plaintiff's bankruptcy attorney, David E. Cohen, Potestivo emailed a Reinstatement Letter ("Reinstatement Letter" or "Letter") on January 19, 2015 to Plaintiff's bankruptcy attorney, David E. Cohen. Shortly thereafter, Plaintiff filed the instant action alleging

1

in Count III that Potestivo violated sections 1692d-1692f of the Fair Debt Collection Practices Act ("FDCPA"). Potestivo now files the instant Motion pursuant to Rule 12(b)(6).

## STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. *Gibson v. City of Chicago,* 910 F.2d 1510, 1520 (7th Cir.1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," such that the defendant is given "fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.,* 496 F.3d 773, 776 (7th Cir.2007) (quoting *Twombly,* 550 U.S. at 555). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly,* 550 U.S. at 563. The Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *Barnes v. Briley,* 420 F.3d 673, 677 (7th Cir.2005).

## ARGUMENT

### I. THE COMPLAINT FAILS TO MEET THE NOTICE REQUIREMENT OF RULE 8(a).

The "short and plain" statement required by Rule 8(a) must be enough to give a defendant fair notice of what the claim is and the grounds upon which it rests. *Twombly*, 550 U.S. 544, 555 (2007). Indeed, "[t]he purpose behind Rule 8 is to ensure that both the defendant and the court have fair notice of the claims alleged." *Easley v. Verizon Wireless*, 03 C 2969, 2004 WL 2005819, at *2 (N.D. Ill. Aug.

25, 2004). The Plaintiff largely ignores Rule 8 and generically lumps Potestivo together with the other Defendants. (*See*, *e.g.*, Compl. ¶¶ 82-83 (alleging that Potestivo refused "to correct Ocwen's accounting errors", Potestivo's actions were unfair "as a result of Ocwen's misrepresentations")). Paragraph 78 of the Complaint states that Potestivo mailed a Reinstatement Statement on January 19, 2015, and that "[t]his and other actions by Potestivo violated 15 USC 1692d, e(2), e(5), e(10, f and f(1) through its debt collection efforts within one year of the filing of the Complaint in this case." However, the Plaintiff completely fails to explain what "other actions" it is referring to that allegedly violated any portion of the FDCPA. In fact, the only specific action taken by Potestivo referenced whatsoever throughout the entirety of the Complaint is the mailing of the Reinstatement Letter. Potestivo does not know, and should not be required to guess, what "other actions" are being referred to by the Plaintiff.

Furthermore, with regard to the Reinstatement Letter, the Plaintiff does not even begin to explain what specifically in the Letter was misrepresented to Plaintiff's counsel when the Letter was emailed to them. Plaintiff does nothing more than allege in two brief paragraphs (*See* ¶¶ 41 and 78) that a Letter was mailed and that the Letter violated the FDCPA. Yet, there is no specific explanation as to where, how, or why the Reinstatement Letter violated the FDCPA. Only conclusory allegations are provided, such as "Potestivo misrepresented the character of the debt", "Potestivo employed unfair and unconscionable means to collect the subject debt". These "allegations" against Potestivo fail to satisfy the threshold notice requirements of Rule 8(a), and Count III against Potestivo should be dismissed on this basis. *See Shapo v. Engle, et al.*, 1999 WL 1045086, at *13 (N.D. Ill. Nov. 12, 1999) ("Where there are multiple defendants, the complaint must notify each defendant of the specific act purportedly committed by the defendant, which justifies that defendant's inclusion in the particular count.").

    **II.**    **COUNT III MUST BE DISMISSED AS PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER THE FDCPA FOR WHICH RELIEF CAN BE GRANTED.**

        **A.**    **PLAINTIFF FAILS TO IDENTIFY ANY HARRASSING, OPPRESSIVE, OR ABUSIVE CONDUCT, AS REQUIRED TO STATE**

## **A CLAIM UNDER § 1692d.**

The FDCPA prohibits a debt collector from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Prohibited conduct includes the use or threat of violence or criminal means to cause physical harm, the use of obscene, profane, or abusive language, publication of a list of consumers who allegedly refuse to pay debts, and repeated and continuous telephone calls intended to annoy or harass the recipient. *Id.* To plead a violation of § 1692d, a plaintiff must demonstrate that the challenged behavior was "in connection with the collection of a debt" and that "the natural consequence" of that behavior is to abuse, harass, or oppress. *See Horkey v. J.V.D.B. & Assocs.*, 333 F.3d 769, 774 (7th Cir. 2003). The sole alleged "debt collection" attempt done by Potestivo as identified by the Plaintiff is the mailing of a Reinstatement Letter. First, as described hereinbelow, the Reinstatement Letter that was sent must not be considered to have been sent in connection with the collection of a debt. In order to state a claim under § 1692d, the conduct in question must involve the collection of a debt. *See* 15 U.S.C. § 1692d; *Chambers v. Habitat Co.*, 68 Fed. Appx. 711, 715 (7th Cir. 2003) (dismissing § 1692d claim and noting that "the FDCPA is concerned with unlawful debt collection practices, not mere disputes over the legality of the underlying debts…").

Second, the Plaintiff has completely failed to allege that the mailing of the Reinstatement Letter by Potestivo—which did not involve the collection of a debt—was abusive, harassing, or oppressive. In fact, the Plaintiff fails to reference anything specific within the Letter whatsoever. Nor does the Plaintiff identify any other specific conduct done by Potestivo, let alone any conduct that would amount to debt collection that was abusive, harassing, or oppressive. Courts routinely dismiss claims alleging conduct that falls short of the conduct listed in § 1692d. *See Harrer v. RJM Acquisitions, LLC*, No. 10-cv-7922, 2012 WL 162281, at *6 (N.D. Ill. Jan. 19, 2012) (dismissing claim where the collection letter did not include abusive or harassing language and was only informational);

*Feltman v. Blatt*, 2008 WL 5211024, at *5 (N.D. Ill. Dec. 11, 2008) (threatening to file suit and filing a time-barred suit to collect a debt "is simply not the type of behavior contemplated by § 1692d").

### B. **PLAINTIFF HAS FAILED TO STATE A CLAIM UNDER § 1692e AND § 1692f BECAUSE SHE HAS NOT IDENTIFIED ANY ACTIONABLE ATTEMPTS TAKEN BY POTESTIVO TO COLLECT HER DEBT.**

Paragraphs 41, 78, and 82 through 88 of Plaintiff's Complaint amount to the totality of allegations against and/or references to Potestivo. Other than the reference to Potestivo mailing the Letter on January 19, 2015 and Defendant "not dismissing the foreclosure case", there is no other reference to any other specific action taken by the Potestivo. All other allegations in Plaintiff's previously mentioned paragraphs amount to generalities and conclusory statements.

The only specific action referenced by the Plaintiff that was allegedly taken by Potestivo was the mailing of the Reinstatement Letter. Throughout paragraphs 82 through 88, not once does Plaintiff explain how the Reinstatement Letter misrepresented the status, amount, or character of the debt, or how Potestivo employed deceptive means by mailing a Reinstatement Letter at Plaintiff's counsel's request. Furthermore, the Plaintiff fails to explain which provision of the FDCPA requires a foreclosure to be dismissed upon a Chapter 13 discharge. Simply alleging that Potestivo violated the FDCPA by misrepresenting the character and amount of the debt, or that Potestivo employed deceptive means in collecting the debt, does not make it so. Plaintiff must explain how Potestivo misrepresented the character and amount of the debt, or what deceptive means were specifically utilized in collecting the debt. Plaintiff does not even attempt to do so.

Plaintiff alleges that Potestivo violated section 1692d by engaging in abusive and oppressive conduct by "refusing to correct Ocwen's accounting errors". Yet, she fails to provide any factual support for the allegation that Potestivo refused to adequately respond to her "repeated disputes", or that Potestivo was "aware of" Plaintiff's "repeated disputes" with Ocwen. She does not reference when these alleged "repeated disputes" took place. Nor does she even allege that she

disputed accounting errors on the loan directly to Potestivo. In fact, paragraph 39 of the Complaint only alleges that the Plaintiff communicated with Ocwen regarding disputes, not with Potestivo.

There is absolutely no allegation made that Plaintiff even communicated with Potestivo until her attorney requested a Reinstatement Letter. The Plaintiff indisputably fails to offer any factual support as to how or when Potestivo became "aware of" her "repeated disputes" with Ocwen. Yet, even if Plaintiff had communicated with Potestivo regarding any of her "disputes", it is unclear how Potestivo could take it upon itself to correct any issue with regard to Plaintiff's account. Defendant is a law firm, not a loan servicer in a position to alter a borrower's account or a servicer's accounting of a borrower's account. In *Heintz v. Jenkins,* 514 U.S. 291, 294, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995), the Supreme Court upheld the Seventh Circuit's holding that the FDCPA does not hold attorneys collecting debts to a different standard than other debt collectors or require them to investigate the validity of the claims they prosecute on behalf of their clients. *Forgey v. Parker Bush & Lane, P.C.*, No. CIV.04-6082-TC, 2004 WL 1945737, at *1 (D. Or. Sept. 1, 2004*) report and recommendation adopted*, No. CIV.04-6082-TC, 2004 WL 2110694 (D. Or. Sept. 21, 2004) *citing Jenkins v. Heintz,* 124 F. 3rd 824, 833 (7th Cir. 1997). Rule 12(b)(6) requires dismissal of any claim where the underlying allegations of that claim are merely "consistent with" liability, "too vague to provide notice to defendants," or "merely a formulaic recitation of the cause of action and nothing more." *Brooks v. Ross*, 578 F.3d 574, 581-82 (7th Cir. 2009). Plaintiff's allegations are nothing more than merely a formulaic recitation of a cause of action under §§ 1692d-1692f, and are far too vague to provide notice as to how Potestivo violated these sections.

**C. THE REINSTATEMENT LETTER WAS EMAILED PURSUANT PARAGRAPH 19 OF PLAINTIFF'S MORTGAGE, WHICH CAN ONLY BE TRIGGERED ONCE A FORECLOSURE IS FILED, AND FORECLOSURE IS NOT CONSIDERED DEBT COLLECTION.**

Paragraph 19 of the Plaintiff's Mortgage states as follows:

**Borrower's Right to Reinstate After Acceleration.**

> If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to Section 22 of this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument…

Thus, since a mortgage foreclosure was pending and the loan had previously been accelerated, the Reinstatement Letter was sent in order to comply with paragraph 19 of the Plaintiff's mortgage so as to advise the Plaintiff of the amount required to be received by the plaintiff in the foreclosure in order to reinstate the loan. Paragraph 19 is only a means to halt mortgage foreclosure after foreclosure has been initiated. In order for a mortgagee to be entitled to foreclose on a mortgage, it cannot bar a borrower's right to reinstate under paragraph 19 after foreclosure has been filed. Reinstatement is a mechanism stemming from foreclosure.

Courts have not definitively determined whether foreclosure is considered debt collection in the Seventh Circuit. *Aurora Loan Servs., LLC v. Kmiecik*, 2013 IL App (1st) 121700, ¶ 30. However, several courts in other jurisdictions have considered whether a mortgage foreclosure is "debt collection" for the purposes of similar statutes, including the FDCPA. *Id.* It appears that the majority view is that mortgage foreclosure is not debt collection within the meaning of the FDCPA. *Id. citing Glazer v. Chase Home Finance LLC,* 704 F.3d 453, 460 (6th Cir.2013). This was the view taken by the United States District Court for the District of Oregon in *Hulse v. Ocwen Federal Bank, FSB,* 195 F.Supp.2d 1188 (D.Or.2002). *Id.* The court went on to distinguish foreclosing on a trust deed from the collection of an obligation to pay money because "[p]ayment of funds is not the object of the foreclosure action. Rather, the lender is foreclosing its interest in the property." *Id.* at ¶ 32 *citing Hulse* at 1188. The court then held "the activity of foreclosing on [a] property pursuant to a deed of trust is not the collection of a debt within the meaning of the

7

FDCPA" because foreclosure by a trustee is not an attempt to collect funds from a debtor. *Id. citing Hulse* at 1204 (agreeing with *Heinemann v. Jim Walter Homes, Inc.,* 47 F.Supp.2d 716 (N.D.W.Va.1998), *aff'd,* 173 F.3d 850 (4th Cir.1999) (finding that foreclosing pursuant to a deed of trust is not collecting on a debt, and therefore does not fall within the terms of the FDCPA)).

Other federal district courts have concluded similarly. *Id.* at ¶ 33 *citing Speleos v. BAC Home Loans Servicing, L.P.,* 824 F.Supp.2d 226, 232–33 (D.Mass.2011) (finding that because the FDCPA distinguishes debt collection from the enforcement of security interests in its definition of "debt collector," a company enforcing a security interest cannot be held liable under the FDCPA); *Castro v. Executive Trustee Services, LLC,* No. CV–08–2156–PHX–LOA, 2009 WL 438683 (D.Ariz. Feb. 23, 2009) (agreeing with *Hulse* that foreclosing on a trust deed is different than collecting money from a debtor); *Izenberg v. ETS Services, LLC,* 589 F.Supp.2d 1193, 1199 (C.D.Cal.2008) (finding that " 'foreclosing on [a] property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA' " (quoting *Ines v. Countrywide Home Loans, Inc.,* No. 08–CV–1267, 2008 WL 4791863 (S.D.Cal. Nov. 3, 2008) (citing *Hulse,* 195 F.Supp.2d at 1204))); *Rosado v. Taylor,* 324 F.Supp.2d 917, 924 (N.D.Ind.2004) (finding that security enforcement activities are not debt collection practices and therefore fall outside the scope of the FDCPA); *Perry v. Stewart Title Co.,* 756 F.2d 1197, 1208 (5th Cir.1985), *modified on reh'g on other grounds,* 761 F.2d 237 (5th Cir.1985) (holding that the legislative history of the FDCPA "indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned").

Of special note is the case *Rosado v. Taylor*, 324 F. Supp.2d 917 (N.D. Ind. 2004), which is a case decided within the Seventh Circuit. In that case, the court held that mortgage foreclosure is

8

not a debt collection activity for the purposes of the FDCPA. *Rosado v. Taylor*, 324 F. Supp.2d 917, 924 (N.D. Ind. 2004). *Rosado* and *Kmiecik* are instructive. It is indisputable that the Reinstatement Letter was mailed in the context of mortgage foreclosure, as reinstatement under paragraph 19 is only applicable during the course of a mortgage foreclosure action. Thus, this Court should apply the majority view recognized in *Kmiecik*, and applied in *Rosado*. Based on this view, because the Reinstatement Letter was sent in the context of a mortgage foreclosure, the Letter could not have been sent in connection with an attempt to collect a debt, as mortgage foreclosure is not considered debt collection.

### D. THE REINSTATEMENT LETTER WAS NOT AN ATTEMPT TO COLLECT A DEBT AND WAS MERELY INFORMATIONAL.

Even if, *arguendo*, foreclosure could be considered debt collection in Illinois, the only specific action cited by Plaintiff that was allegedly taken by Potestivo was the mailing of a Reinstatement Letter on January 19, 2015. Yet, the Reinstatement Letter was mailed for informational purposes at the request of Plaintiff's counsel, not as an attempt to collect a debt.

The Seventh Circuit has held that neither this circuit nor any other has established a bright-line rule for determining whether a communication from a debt collector was made in connection with the collection of any debt. *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 384-85 (7th Cir. 2010). In *Bailey*, the Seventh Circuit held that a letter sent by a mortgage service agency to debtors was not a communication "in connection with the collection of any debt," and, thus, was not required to comply with the FDCPA, where the agency did not demand any payment, but merely informed the debtor about the current status of their account and due dates of next four payments, and warned the debtors that if they failed to pay the full amount of payments under the forbearance agreement, immediate payment in full under the defaulted original note would be required. *Bailey v. Sec. Nat. Servicing Corp.*, 154 F.3d 384, 388-389 (7th Cir. 1998).
9

Several factors were important to the decision in *Bailey. Gburek*, 614 F.3d 380, 384-85. First, the debtor had not missed any payments on the forbearance agreement; although the original loan was in default, there was nothing past due on the forbearance agreement that had superseded it. *Id.* Second, the payment dates listed in the letter were prospective, and the letter simply warned the debtor of the consequences of missing a future forbearance payment. *Id.* Third, the letter contained no demand for payment but instead simply set forth the debtor's current account status. *Id. Bailey* thus suggests some limits on the reach of the FDCPA, making it clear that the statute does not apply to *every* communication between a debt collector and a debtor. *Id.*

Other Courts have held that such letters such as the Reinstatement Letter in question must not be considered an attempt to collect a debt. Recently, a court in the Southern District of Florida held that a letter to a debtor-mortgagor who had previously been discharged in bankruptcy of any personal liability on residential mortgage loan, advising the debtor-mortgagor that she might have alternatives to foreclosure and inviting her to communicate with the sender of letter, to whom mortgage loan had been referred, to determine whether she qualified for relief that would enable her to stay in her home, was not a dunning letter that sought to collect the discharged debt in alleged violation of provisions of the FDCPA, but was merely informational, or at most confined to the enforcement of the security interest; the letter did not demand payment, deliver an ultimatum, or establish any arbitrary deadline, and while it included a notice stating that the sender was debt collector, this was insufficient, without more, to trigger provisions of the FDCPA. *Helman v. Udren Law Offices, P.C.*, 14-CV-60808, 2014 WL 7781199 (S.D. Fla. Dec. 18, 2014).

Similar to the letters in *Bailey* and *Helman*, the Letter referenced by the Plaintiff contains no demand for payment. It simply sets forth the debtor's current account status with the amount

needed to reinstate the loan. The Letter does not allege that the Plaintiff is somehow required to reinstate the loan, nor does it set a deadline for any sort of payment to be made.

Furthermore, this Court must note that the Letter includes language explicitly stating that it is not an attempt to collect a debt. The Letter explicitly states in bold capital letters that "it is not an attempt to collect money from anyone whose debt has been discharged pursuant to (or who is under the protection of) the bankruptcy laws of the United States; in such instances, it is intended solely for informational purposes." This Letter was addressed to and solely received by the Plaintiff's bankruptcy attorney, David E. Cohen. Surely, Mr. Cohen would have been aware that the Plaintiff's debt had been discharged through bankruptcy, and therefore, upon reading this language, must have realized that the letter was being sent solely for informational purposes.

Courts have held that the inclusion of such language must be taken into account when determining whether a letter is being sent in connection with an attempt to collect a debt. In *Parker v. Midland Credit Mgmt., Inc.*, 874 F. Supp. 2d 1353 (M.D. Fla. 2012), a letter sent by the defendant stated, "this is not an attempt to collect a debt". *Parker*, 874 F. Supp. 2d 1353 at 1358. The court held as follows:

> Indeed, the letter even states that "this is not an attempt to collect a debt." (Dkt. 22–1). And, although the balance of the debt is stated, the letter does not include terms of payment or deadlines. On its face, it is clearly informational; it informs Plaintiff that her account has been assigned to Defendant and includes the new account number and Defendant's contact information. In sum, these facts, taken from the amended complaint and the letter itself, demonstrate, as a matter of law, that the letter was not sent in connection with collection of a debt. Any other conclusion would defy logic and place debt collectors in an untenable position, where they are subjected to lawsuits, despite their best efforts. *Id.*
> The Court would like to see a bright-line rule adopted by the Circuits on this issue, so that cases like the instant case are prevented in the future. A letter, such as the one at issue here, that merely informs a debtor of the assignment of her debt, provides the debtor with the new information, and clearly states that the letter is not an attempt to collect a debt should stand as an example of a letter that does not constitute a communication in connection with the collection of a debt in violation of the FDCPA. *Id.*

Courts in this district have similarly held that a court must examine the purpose and context of the communication. In *Preuher v. Seterus, LLC*, No. 14 C 6140, 2014 WL 7005095, the court held that a hazard letter sent by a mortgage servicer was not an attempt to collect a debt. Specifically:

> The purpose and context of the communication suggests that it was not an effort to collect a debt. Seterus sent the Hazard Letter not to collect a debt, but to order to comply with 12 C.F.R. § 1024.37(e), which required it to provide notice to the Plaintiffs before purchasing hazard insurance and billing it to Plaintiffs. *Preuher v. Seterus, LLC*, No. 14 C 6140, 2014 WL 7005095, at *3 (N.D. Ill. Dec. 11, 2014).

Similarly, Potestivo sent the Letter to comply with paragraph 19 of Plaintiff's mortgage, as described hereinabove. It was sent by Potestivo upon request of Plaintiff's bankruptcy counsel. Plaintiff now seeks to hold Potestivo liable for the emailing of a letter to its counsel of which Plaintiff's counsel requested---a letter that was required to be sent in order to comply with the terms of the mortgage. Setting aside the fact that foreclosure has not been deemed debt collection in Illinois, to hold Potestivo liable for the emailing of the Reinstatement Letter under these circumstances would be wholly improper, especially when the Letter clearly delineates in bold capital letters that it is not an attempt to collect a debt. For all of the reasons stated hereinabove, it is clear that the Reinstatement Letter was not sent in connection with the collection of a debt.

### E. <u>ANY CLAIM BASED ON THE EMAILING OF THE REINSTATEMENT LETTER IS NOT ACTIONABLE UNDER THE "COMPETENT LAWYER" STANDARD.</u>

Even if, arguendo, the Reinstatement Letter could be considered an attempt to collect a debt, any claim based on the emailing of the Reinstatement Letter is still not actionable under the FDCPA under the "competent lawyer" standard.

The Seventh Circuit has in fact examined the issue of whether communications to lawyers are subject to sections 1692d through 1692f, which forbid harassing, deceptive, and unfair practices in debt collection. The Seventh Circuit has held that the "unsophisticated consumer"

standpoint is inappropriate for judging communications with lawyers. *Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 774 (7th Cir. 2007) *citing Dikeman v. National Educators, Inc.,* 81 F.3d 949 (10th Cir.1996). The "competent lawyer" standard governs, rather than "unsophisticated consumer" standard, when the FDCPA's prohibitions against making deceptive or misleading representations, or committing other abusive, deceptive or unconscionable acts in connection with debt collection under sections 1692d-1692f, are applied to representations made to a consumer's lawyer. *Id.* However, with regard to an FDCPA claim alleging a "false" representation, rather than simply a "misleading" or "deceptive" representation, made by a debt collector to a consumer's lawyer rather than directly to a consumer, the same "unsophisticated consumer" standard governs a debt collector's liability. *Id.* at 769. If a letter includes a "false" statement, then "[t]he lawyer might be unable to discover the falsity of the representation without an investigation that he might be unable, depending on his client's resources, to undertake." *Longo v. Law Offices of Gerald E. Moore & Associates, P.C.*, No. 04 CV 5759, 2008 WL 4425444, at *4 (N.D. Ill. Sept. 26, 2008) *citing Evory,* 505 F.3d at 775.

As noted above, the only specific action referenced by the Plaintiff in the entirety of Plaintiff's Complaint is the mailing of a Letter on January 19, 2015. The Letter was emailed to the attention of David E. Cohen at dcohen@fishercohen.com. It was never mailed directly to the Plaintiff. Since the communication occurred strictly with Plaintiff's counsel, the "competent lawyer" standard described by the Seventh Circuit in *Evory* governs over the communication. However, even under the "competent lawyer" standard, a *false*-as opposed to merely misleading or deceptive statement made by a debt collector "would be actionable whether made to the consumer directly, or indirectly through his lawyer." *Longo, P.C.*, No. 04 CV 5759, 2008 WL 4425444, at *4. Therefore, in order for the Plaintiff's claim to be actionable, she must be able to point to an

13

explicitly false statement made by Potestivo that Plaintiff's counsel might not have been able to discover without an investigation.

Plaintiff fails to point to any false statement whatsoever made by Potestivo in the Letter. Again, in paragraph 78 of her Complaint, Plaintiff does reference so-called "other actions" taken by Potestivo that violated sections 1692d-1692f, but never explains or mentions what these "other actions" were. With regard to the Reinstatement Letter, Plaintiff attaches the Letter to her Complaint, but never points to the false statement within the Letter that Plaintiff's counsel might not have been able to discover without an investigation. In fact, Plaintiff makes it clear that she and her counsel were both very much aware of the allegedly improper demands being sent by Ocwen at least since July of 2013. In paragraph 37 of her Complaint, Plaintiff states that she provided documents and requested Ocwen to correct the errors in its records. In paragraph 39, Plaintiff states that she and her original bankruptcy attorney both communicated with Ocwen about their allegedly "unlawful demands" starting in July of 2013 "with no success". She also alleges that she sent Qualified Written Requests to Ocwen around this time as well in paragraphs 37 and 39. Thus, it is clear that Plaintiff, and her attorneys, have been aware of the alleged discrepancies on her account, of which she claims are also found in the Letter, since at least July of 2013.

In paragraph 40, Plaintiff makes it clear that she was already fully expecting the Letter that would be provided to include figures that were inaccurate. She states, "[i]n order to try and restart a conversation with Ocwen regarding amounts alleged due by Ocwen, Plaintiff had requested reinstatement figures to determine as a final attempt at resolution if Ocwen would provide figures that complied with Plaintiff's Chapter 13 Discharge." Then in paragraph 41, Plaintiff finally references Potestivo, stating that Potestivo provided reinstatement figures relating to the subject loan on October 2, 2014, with the Letter attached as Exhibit J. In reality, Exhibit J is the

Reinstatement Letter dated January 19, 2015. In paragraph 42, Plaintiff, in referencing the Letter, states that the "[a]mounts requested for payments have similar problems based on the Discharge Order…" It is clear that Plaintiff, and her attorneys, knew exactly what discrepancies they were looking for upon receiving the Letter, as she alleges that the same discrepancies allegedly have existed since July of 2013. Plaintiff makes it clear that she was not surprised by the figures in the Letter, nor is it alleged that the Plaintiff, or her counsel, was even remotely misled or confused.

As mentioned, under the "competent lawyer" standard, Plaintiff must be able to point to an explicitly false statement made by Potestivo that Plaintiff's counsel might not have been able to discover without an investigation. Considering that Plaintiff and her attorneys were already aware of the alleged discrepancies on her account since at least July of 2013, it is clear from Plaintiff's Complaint that she was not surprised, misled, or confused by the Letter. In fact, Plaintiff and her attorneys only requested the Reinstatement Letter to confirm whether or not the alleged discrepancies on her account were still present. Thus, it is beyond clear that Plaintiff's counsel certainly was not required to conduct an investigation in order to discover any inaccuracy that may have existed in the Reinstatement Letter.

As a result, because Plaintiff is unable to point to an explicitly false statement made by Potestivo that Plaintiff's counsel might not have been able to discover without an investigation, the Plaintiff's claim is not actionable under the "competent lawyer" standard.

WHEREFORE, Potestivo & Associates, P.C., for the foregoing reasons, respectfully requests that the Court dismiss Count III for failure to state a claim for which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and for any further relief this Court deems necessary and proper.

Respectfully submitted,

By: /s/   *David F. Pustilnik*
David F. Pustilnik
POTESTIVO & ASSOCIATES, P.C.
223 W. Jackson Blvd., Suite 610
Chicago, IL 60606
Telephone: (312) 263-0003
Main Fax: (312) 263-0002
*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I, David F. Pustilnik, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Dated: April 15, 2015                                               /s/ David F. Pustilnik