UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MONETTE E. SACCAMENO,<br><br>Plaintiff,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC; and U.S. BANK NATIONAL ASSOCIATION, *as trustee for* C-Bass Mortgage Loan Asset-Backed Certificates, Series 2007, RP1,<br><br>Defendants. | Case No.: 1:15-cv-01164<br><br>Honorable Joan B. Gottschall<br><br>JURY TRIAL DEMANDED |

## PARTIES' STIPULATIONS REGARDING THE DISCHARGE INJUNCTION COUNT OF PLAINTIFF'S COMPLAINT

The Plaintiff Monette E. Saccameno ("Saccameno") and Defendants Ocwen Loan Servicing, LLC ("Ocwen") and U.S. Bank National Association, as trustee for C-Bass Mortgage Loan Asset-Backed Certificates, Series 2007, RP1 ("U.S. Bank") (Ocwen and U.S. Bank collectively "Defendants") (Saccameno, Ocwen, and U.S. Bank collectively the "Parties") make the following stipulations and agreements regarding Saccameno's claim for violation of the discharge injunction by Defendants ("Count VI"):

1) Saccameno's Count VI of her complaint seeks damages for violation of the discharge injunction under the bankruptcy code by the Defendants.

2) Ocwen objects to Count VI being decided by the jury notwithstanding the jury demand.

3) Ocwen has moved (or has indicated its intention to move) to disallow Count VI from being tried by the jury.

4) After discussion between counsel for all Parties, the Parties have agreed that Count VI will be severed from the jury trial.

5) To the extent any Party has a right to a jury trial on any issue related to Count VI, all Parties agree to waive that right as to Count VI.

6) The parties further agree that after the remaining counts of the complaint are tried to a jury, Saccameno may seek a trial on Count VI before the Court.

1

7)  The Parties collectively waive any claim that a second trial on Count VI will be subject to an estoppel claim of any type, *res judicata*, a violation of the single satisfaction rule, or any other claim preclusion rule or defense.

8)  Notwithstanding this stipulation, the Parties may discuss facts at the jury trial that will overlap with facts critical to Count VI, and the Parties are not barred from presenting any facts that overlap between the jury trial and Count VI.

9)  Nothing in this stipulation shall be construed as limiting the Parties' ability to present evidence to the jury related to Count VI in the jury trial currently scheduled for April 2, 2018; however, neither Party shall argue any Defendant has been adjudicated as violating the bankruptcy code in this case.

10) In any bench trial occurring after the jury trial in this case, the Parties reserve all rights to brief and present pretrial issues concerning Count VI, including on the appropriate burden of proof for finding a violation of the discharge injunction and that the trial adequately compensated for pecuniary loss.

Date: December 15, 2017

| */s/ Nick Wooten* | */s/ Alexander D. Bono* |
|---|---|
| Nick Wooten | Alexander D. Bono |
| Nick Wooten, LLC | Lynne E. Evans |
| 4935 Bay Hill Drive | Kelly K. Huff |
| Conway, Ar. 72034 | DUANE MORRIS LLP |
| (334) 497 – 2132 (mobile) | 30 South 17th Street |
| nick@nickwooten.com | Philadelphia, PA 19103 |
|  | (215) 979-1181 (office) |
| Mohammed O. Badwan | abono@duanemorris.com |
| Ross M. Zambon (*Of Counsel*) | leevans@duanemorris.com |
| Ahmad Tayseer Sulaiman | kkhuff@duanemorris.com |
| Sulaiman Law Group, Ltd. |  |
| 2500 South Highland Avenue | *Attorneys for Defendants* |
| Suite 200 |  |
| Lombard, Illinois 60148 |  |
| (630) 575-8181 (office) |  |
| mbadwan@sulaimanlaw.com |  |
| rzambon@sulaimanlaw.com |  |
| ahmad.sulaiman@sulaimanlaw.com |  |
| *Attorneys for Plaintiff* |  |