**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| MONETTE E. SACCAMENO, | : |
| | : |
| Plaintiff, | : Case No. 1:15-cv-1164 |
| | : |
| v. | : Hon. Joan B. Gottschall |
| | : |
| OCWEN LOAN SERVICING, LLC, and U.S. | : Magistrate Judge Susan E. Cox |
| BANK NATIONAL ASSOCIATION, *as trustee for* | : |
| C-Bass Mortgage Loan Asset-Backed Certificates, | : |
| Series 2007 RP1, | : |
| | : |
| Defendants. | : |
| | : |

## AGREED JURY INSTRUCTIONS

The Parties respectfully submit this list of Agreed Jury Instructions. The Parties are also submitting disputed charges by separate document. The Parties request that the Court charge the jury, in addition to the other charges normally applicable to a case of this nature and in addition to such supplementary charges that may be proper as the proof develops during the course of the trial, as set forth on the following pages. The Parties reserve the right to amend or supplement these Agreed Jury Instructions and reserve the right to object to any disputed proposed jury instructions.

Dated: December 29, 2017

/s/ Nick Wooten
Nick Wooten
Nick Wooten, LLC
4935 Bay Hill Drive
Conway, Ar. 72034
(334) 887-3000
nick@nickwooten.com

Mohammed O. Badwan
Ross M. Zambon (*Of Counsel*)
Ahmad Tayseer Sulaiman
Sulaiman Law Group, Ltd.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
(630) 575-8181 (office)
mbadwan@sulaimanlaw.com
rzambon@sulaimanlaw.com
ahmad.sulaiman@sulaimanlaw.com

*Attorneys for Saccameno*

By:   /s/ Kelly Huff

Alexander D. Bono (Fed. Bar ID 25845)
Lynne E. Evans (Fed. Bar ID 313479)
Kelly K. Huff (Fed. Bar ID 319084)
**DUANE MORRIS LLP**
30 South 17th Street
Philadelphia, PA 19103
Tel: (215) 979-1000

*Attorneys for Defendants, Ocwen Loan Servicing, LLC and U.S. Bank National Association, as trustee for C-Bass Mortgage Loan Asset-Backed Certificates, Series 2007 RP1*

DM1\8328629.1

## AGREED JURY INSTRUCTION NO. 1

## CAUTIONARY INSTRUCTION BEFORE RECESS

We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me about it immediately. Do not read or listen to any news reports of the trial. Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

I may not repeat these things to you before every break that we take, but keep them in mind throughout the trial.

Source: Instruction 2.01 Cautionary Instruction Before Recess, Federal Civil Jury Instructions of the Seventh Circuit.

## <u>AGREED JURY INSTRUCTION NO. 2</u>

### FUNCTIONS OF THE COURT AND THE JURY

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

<u>Source</u>: Instruction 1.01 Function of the Court and Jury, Federal Civil Jury Instructions of the Seventh Circuit.

DM1\8328629.1

## AGREED JURY INSTRUCTION NO. 3

## JUDGE'S COMMENTS TO LAWYER

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may caution or warn during the trial.

Source: Instruction 2.14 Judge's Comments to Lawyer, Federal Civil Jury Instructions of the Seventh Circuit.

DM1\8328629.1

## AGREED JURY INSTRUCTION NO. 4

### NO INFERENCE FROM JUDGE'S QUESTIONS

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

Source: Instruction 1.02 No Inference from Judge's Questions, Federal Civil Jury Instructions of the Seventh Circuit.

DM1\8328629.1

## AGREED JURY INSTRUCTION NO. 5

## ALL LITIGANTS EQUAL BEFORE THE LAW

In this case the Defendants, Ocwen Loan Servicing, LLC ("***Ocwen***") and U.S. Bank National Association, as trustee for C-Bass Mortgage Loan Asset-Backed Certificates, Series 2007 RP1 ("***U.S. Bank***") (together "***Defendants***") are corporations.

Plaintiff Monette E. Saccameno ("***Saccameno***") is an individual.

All parties are equal before the law. A corporation is entitled to the same fair consideration that you would give any individual person.


Source: Instruction 1.03 All Litigants Equal Before the Law, Federal Civil Jury Instructions of the Seventh Circuit (modified to identify names of Defendants and Plaintiff).

DM1\8328629.1

## AGREED JURY INSTRUCTION NO. 6

### EVIDENCE

The evidence consists of the testimony of the witnesses, and the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true.

In this case there are the following stipulations:

**[To be entered by the parties at least 14 days before trial].**

<u>Source</u>: Instruction 1.04 Evidence, Federal Civil Jury Instructions of the Seventh Circuit (modified).

DM1\8328629.1

## AGREED JURY INSTRUCTION NO. 7

## DEPOSITION AS SUBSTANTIVE EVIDENCE

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

Source: Instruction 2.08 Deposition as Substantive Evidence, Federal Civil Jury Instructions of the Seventh Circuit (excerpt of full instruction).

DM1\8328629.1

## AGREED JURY INSTRUCTION NO. 8

### DEPOSITION TESTIMONY

During the trial, certain testimony was presented to you by the reading of depositions and video. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

Source: Instruction 1.05 Deposition Testimony, Federal Civil Jury Instructions of the Seventh Circuit.

DM1\8328629.1

## AGREED JURY INSTRUCTION NO. 9

## WHAT IS NOT EVIDENCE

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence.

Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Source: Instruction 1.06 What is not Evidence, Federal Civil Jury Instructions of the Seventh Circuit.

DM1\8328629.1

## AGREED JURY INSTRUCTION NO. 10

### NOTE-TAKING

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

Source: Instruction 1.07 Note-taking, Federal Civil Jury Instructions of the Seventh Circuit.

DM1\8328629.1

## AGREED JURY INSTRUCTION NO. 11

### CONSIDERATION OF ALL EVIDENCE REGARDLESS OF WHO PRODUCED

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

Source: Instruction 1.08 Consideration of All Evidence Regardless of Who Produced, Federal Civil Jury Instructions of the Seventh Circuit.

DM1\8328629.1

## AGREED JURY INSTRUCTION NO. 12

## LIMITED PURPOSE OF EVIDENCE

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

Source: Instruction 1.09 Limited Purpose of Evidence, Federal Civil Jury Instructions of the Seventh Circuit.

DM1\8328629.1

## AGREED JURY INSTRUCTION NO. 13

### WEIGHING THE EVIDENCE

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

Source: Instruction 1.11 Weighing the Evidence, Federal Civil Jury Instructions of the Seventh Circuit.

DM1\8328629.1

# <u>AGREED JURY INSTRUCTION NO. 14</u>

## DEFINITION OF "DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE

You may have heard the phrases "direct evidence" and "circumstantial evidence."

Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.


<u>Source</u>: Instruction 1.12 Definition of "Direct" and "Circumstantial" Evidence, Federal Civil Jury Instructions of the Seventh Circuit.

DM1\8328629.1

**<u>AGREED JURY INSTRUCTION NO. 15</u>**

**TESTIMONY OF WITNESSES (DECIDING WHAT TO BELIEVE)**

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

–   the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

–   the witness's memory;

–   any interest, bias, or prejudice the witness may have;

–   the witness's intelligence;

–   the manner of the witness while testifying;

–   the witness's age;

–   and the reasonableness of the witness's testimony in light of all the evidence in the case.

<u>Source</u>: Instruction 1.13 Testimony of Witnesses (Deciding What to Believe), Federal Civil Jury Instructions of the Seventh Circuit.

DM1\8328629.1

## AGREED JURY INSTRUCTION NO. 16

### EXPERT WITNESSES

**[Provisional Instruction: This instruction is a provisional instruction subject to amendment or withdrawal pending the Court's rulings on the *Daubert* motions and /or motions *in limine*]**

You have heard witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

Source: Instruction 1.21 Expert Witnesses, Federal Civil Jury Instructions of the Seventh Circuit.

DM1\8328629.1

## AGREED JURY INSTRUCTION NO. 17

## DEMONSTRATIVE EXHIBITS

Certain demonstrative exhibits (e.g., models, diagrams) have been shown to you. Those demonstrative exhibits are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.


Source: Instruction 1.24 Demonstrative Exhibits, Federal Civil Jury Instructions of the Seventh Circuit.

DM1\8328629.1

## <u>AGREED JURY INSTRUCTION NO. 18</u>

### BURDEN OF PROOF: "PREPONDERANCE OF THE EVIDENCE"

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

<u>Source</u>: Instructions 1.27 Burden of Proof, Federal Civil Jury Instructions of the Seventh Circuit.

DM1\8328629.1

## **AGREED JURY INSTRUCTION NO. 19**

Disputed Charge 1

DM1\8328629.1

# <u>AGREED JURY INSTRUCTION NO. 20</u>

**Disputed Charge 2**

DM1\8328629.1

**<u>AGREED JURY INSTRUCTION NO. 21</u>**

**COUNT I - BREACH OF CONTRACT**
**ELEMENT 1: PROOF OF FORMATION OF CONTRACT**

  The first element of a contract claim Saccameno must prove is the existence of a contract. Here, U.S. Bank does not dispute the existence of a contract in the form of Saccameno's mortgage loan. U.S. Bank also does not dispute that U.S. Bank hired Ocwen to service Saccameno's mortgage loan beginning September 2011 and continuing through the present day.

<u>Source</u>: Agreed instruction.

DM1\8328629.1

## AGREED JURY INSTRUCTION NO. 22

## COUNT I - BREACH OF CONTRACT
## ELEMENT 2: PERFORMANCE

The second element of Saccameno's Contract claim is performance. Having shown the existence of a contract, Saccameno must prove that she performed all of her obligations required under the contract.

Source: Instruction 700.07 Performance by Plaintiff, Illinois Pattern Civil Jury Instructions (modified).

## <u>AGREED JURY INSTRUCTION NO. 23</u>

**Disputed Charge 3**

## AGREED JURY INSTRUCTION NO. 24

**Disputed Charge 4**

DM1\8328629.1

## AGREED JURY INSTRUCTION NO. 25

### COUNT I - BREACH OF CONTRACT
### NO NEED TO CONSIDER DAMAGES INSTRUCTION

If you decide for the Defendants on the question of liability, then you should not consider the question of damages.


<u>Source</u>: Instruction 1.31 No Need to Consider Damages Instruction, Federal Civil Jury Instructions of the Seventh Circuit.

DM1\8328629.1

## AGREED JURY INSTRUCTION NO. 26

**Disputed Charge 5**

DM1\8328629.1

**Disputed Charge 6**

## <u>AGREED JURY INSTRUCTION NO. 28</u>

**Disputed Charge 7**

DM1\8328629.1

## AGREED JURY INSTRUCTION NO. 29

**Disputed Charge 8**

## AGREED JURY INSTRUCTION NO. 30

**Disputed Charge 9**

DM1\8328629.1

## AGREED JURY INSTRUCTION NO. 31

Disputed Charge 10

DM1\8328629.1

# **AGREED JURY INSTRUCTION NO. 32**

Disputed Charge 11

DM1\8328629.1

# **AGREED JURY INSTRUCTION NO. 33**

Disputed Charge 12

DM1\8328629.1

# **AGREED JURY INSTRUCTION NO. 34**

Disputed Charge 13

# AGREED JURY INSTRUCTION NO. 35

Disputed Charge 14

DM1\8328629.1

<u>**AGREED JURY INSTRUCTION NO. 36**</u>

Disputed Charge 15

DM1\8328629.1

## AGREED JURY INSTRUCTION NO. 37

Disputed Charge 16

## <u>AGREED JURY INSTRUCTION NO. 38</u>

Disputed Charge 17

DM1\8328629.1

**AGREED JURY INSTRUCTION NO. 39**


Disputed Charge 18

DM1\8328629.1

## AGREED JURY INSTRUCTION NO. 40

### COUNT IV: REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA)
### ELEMENT 2: QUALIFIED WRITTEN REQUEST

Saccameno must prove by a preponderance of the evidence the following to show that her correspondence qualifies as qualified written request under RESPA:

i. her written correspondence includes, or otherwise enables the servicer to identify, the name and account of the borrower; and

ii. her written correspondence includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

RESPA does not require any particular language for a written letter to qualify as a qualified written request.

Source: 12 U.S.C. § 2605(e).

DM1\8328629.1

## <u>AGREED JURY INSTRUCTION NO. 41</u>

Disputed Charge 19

## <u>AGREED JURY INSTRUCTION NO. 42</u>

Disputed Charge 20

DM1\8328629.1

## AGREED JURY INSTRUCTION NO. 43

### SELECTION OF PRESIDING JUROR; GENERAL VERDICT

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

Source: Instruction 1.32 Selection of Presiding Juror; General Verdict, Federal Civil Jury Instructions of the Seventh Circuit.

DM1\8328629.1

## AGREED JURY INSTRUCTION NO. 44

## COMMUNICATION WITH THE COURT

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.


<u>Source</u>: Instruction 1.33 Communication with the Court, Federal Civil Jury Instructions of the Seventh Circuit.

DM1\8328629.1

# AGREED JURY INSTRUCTION NO. 45

## DISAGREEMENT AMONG JURORS

The verdicts must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

<u>Source</u>: Instruction 1.34 Disagreement Among Jurors, Federal Civil Jury Instructions of the Seventh Circuit.

DM1\8328629.1

## <u>AGREED JURY INSTRUCTION NO. 46</u>

It is proper for a lawyer to meet with any witness in preparation for trial.

Source: 7th Circuit Pattern Instruction 1.16

DM1\8328629.1

## <u>AGREED JURY INSTRUCTION NO. 47</u>

Pay close attention to the testimony as it is given. At the end of the trial you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult.

Source: Sample Introductory Charges, 7th Circuit Pattern Instructions at page 416, referencing the EIGHTH CIRCUIT MANUAL OF MODEL CIVIL JURY INSTRUCTIONS § 1.06 (Current version).

DM1\8328629.1

## <u>AGREED JURY INSTRUCTION NO. 48</u>

Any figures proposed by counsel in their arguments are not evidence as to the amounts of damages you should award, but rather constitute arguments, which you are free to disregard in your deliberations.

Source: Jury Charges used in *Hammer v. Residential Credit Sols., Inc.*, No. 13 C 6397, 2015 U.S. Dist. LEXIS 162636 (N.D. Ill. Dec. 3, 2015); *Evoy v. CRST Van Expedited, Inc.*, 430 F. Supp. 2d 775, 783 n.2 (N.D. Ill. 2006)

## <u>AGREED JURY INSTRUCTION NO. 49</u>

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations.

Source: Jury Charges used in *Hammer v. Residential Credit Sols., Inc.*, No. 13 C 6397, 2015 U.S. Dist. LEXIS 162636 (N.D. Ill. Dec. 3, 2015) Adapted from the Proposed Model Jury Instructions The Use of Electronic Technology to Conduct Research on or Communicate about a Case Prepared by the Judicial Conference Committee on Court Administration and Case Management June 2012

DM1\8328629.1

## CERTIFICATE OF SERVICE

Plaintiff's Counsel certifies that on December 29, 2017, he caused the foregoing Agreed Proposed Jury Instructions to be electronically filed with the Clerk of the U.S. District Court, using the Court's CM/ECF system, which will send electronic notification of the filing to those parties who have appeared and are registered as CM/ECF participants in this matter.  Parties may access this filing through the Court's CM/ECF system.

/s/  Nick Wooten

DM1\8328629.1