## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MONETTE E. SACCAMENO, | : |
| | : |
| Plaintiff, | : Case No. 1:15-cv-1164 |
| | : |
| v. | : Hon. Joan B. Gottschall |
| | : |
| OCWEN LOAN SERVICING, LLC, and U.S. | : Magistrate Judge Susan E. Cox |
| BANK NATIONAL ASSOCIATION, *as trustee for* | : |
| C-Bass Mortgage Loan Asset-Backed Certificates, | : |
| Series 2007 RP1, | : |
| | : |
| Defendants. | : |
| | : |

## PARTIES' DISPUTED PROPOSED JURY INSTRUCTIONS

The Parties submit the following as proposed jury instructions where there remains disagreement for the Court's resolution. For each disputed jury charge they are presented in the form of "Plaintiff's version" followed immediately by "Defendants' version." The differences in the language will be highlighted whenever possible. The Parties will continue to discuss these charges and attempt to reach any further agreements possible prior to the final pretrial conference. To the extent any agreements are reached the parties will submit and updated list of agreed jury charges prior to the final pretrial conference. These submissions are without prejudice to the Parties' rights to submit further instructions based upon the Court's pretrial rulings and the evidence adduced at trial.

Dated: December 29, 2017

By: */s/ Nick Wooten*       

Nick Wooten
Nick Wooten, LLC
4935 Bay Hill Drive
Conway, Ar. 72034
(334) 887-3000
nick@nickwooten.com

Mohammed O. Badwan
Ross M. Zambon (*Of Counsel*)
Ahmad Tayseer Sulaiman
Sulaiman Law Group, Ltd.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
(630) 575-8181 (office)
mbadwan@sulaimanlaw.com
rzambon@sulaimanlaw.com
ahmad.sulaiman@sulaimanlaw.com

*Attorneys for Saccameno*

By:   /s/ Kelly Huff      

Alexander D. Bono (Fed. Bar ID 25845)
Lynne E. Evans (Fed. Bar ID 313479)
Kelly K. Huff (Fed. Bar ID 319084)
**DUANE MORRIS LLP**
30 South 17th Street
Philadelphia, PA 19103
Tel: (215) 979-1000

*Attorneys for Defendants, Ocwen Loan
Servicing, LLC and U.S. Bank National
Association, as trustee for C-Bass Mortgage
Loan Asset-Backed Certificates, Series 2007
RP1*

2

## PARTIES' DISPUTED PROPOSED JURY INSTRUCTION NO. 1

### PROXIMATE CAUSE--DEFINITION

*Plaintiff's Version:*

When I use the expression "proximate cause," I mean a cause that, in the natural or ordinary course of events, produced the plaintiff's injury. It need not be the only cause, nor the last or nearest cause. It is sufficient if it combines with another cause resulting in the injury.

**Source:** IPI 15.01 Proximate Cause--Definition

*Defendants' Version:*

When I use the expression "proximate cause," I mean a cause that produced the plaintiff's injury in the natural or ordinary course of events. Proximate cause requires only some direct relation between injury asserted and injurious conduct alleged, but excludes those links that are too remote, purely contingent, or indirect. Proximate cause allows courts to shield parties from liability where conduct is extremely remote from the injury to the plaintiff.

Sources: Instruction 15.01 Proximate Cause--Definition, Illinois Pattern Civil Jury Instructions (modified); *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1390 (2014); *Nichols v. Mich. City Plant Planning Dep't*, 755 F.3d 594, 604 (7th Cir. 2014); *Suzik v. Sea-Land Corp.*, No. 90 C 3789, 1993 U.S. Dist. LEXIS 2004, at *5-6 (N.D. Ill. Feb. 23, 1993).

**Plaintiff's Objection:** Defendants' version includes superfluous language not included in the IPI. In the absence of circumstances necessitating modification the IPI should be used.

**PARTIES' DISPUTED PROPOSED JURY INSTRUCTION NO. 2**

**COUNT I - BREACH OF CONTRACT**

*Plaintiff's Version:*

Under Count I, Saccameno claims she is entitled to recover contract damages from Ocwen and/or U.S. Bank for breach of contract. Saccameno has the burden of proving:

1.   The existence of a contract.

2.   Performance by Saccameno of all her obligations.

3.   Ocwen' and/or U.S. Bank's failure to perform any of their obligations under the contract.

4.   Resulting damage to Saccameno.

I will explain and define these legal terms elsewhere in these instructions.

If you find from your consideration of all the evidence that one or more of these elements has not been proven, you must find in favor of Ocwen and U.S. Bank. If you find that Saccameno has proven each of these elements you must find for Saccameno and consider damages.

Source: Instruction 700.02 Breach of Contract Dispute as to Contract Formation, Illinois Pattern Civil Jury Instructions (modified).

***Defendants' Version:***

## COUNT I - BREACH OF CONTRACT

Under Count I, Saccameno claims she is entitled to recover contract damages from Ocwen and/or U.S. Bank for breach of contract. Saccameno has the burden of proving, by a preponderance of the evidence, each of the following four elements:

1. The existence of a mortgage contract between Saccameno and Ocwen and/or U.S. Bank.

2. Performance by Saccameno of all her obligations.

3. Ocwen's and/or U.S. Bank's failure to adequately perform their obligations under the contract.

4. Resulting damage to Saccameno.

I will explain and define these four elements and legal terms elsewhere in these instructions.

If you find that Saccameno proved each of these elements, then you must find in favor of Saccameno, and against Ocwen and/or U.S. Bank on the breach of contract claim, and then consider the issue of damages.

If you find that Saccameno has not established one or more of these elements, then you must find in favor of Ocwen and U.S. Bank, and against Saccameno on the breach of contract claim, and you will not consider the issue of damages.

Source: Instruction 700.02 Breach of Contract Dispute as to Contract Formation, Illinois Pattern Civil Jury Instructions (modified).

**Plaintiff's Objection:** Defendants' version includes superfluous language regarding the burden of proof, which should not have to be repeated numerous times throughout the charges. Further, paragraph 1 is confusing and Saccameno's language under paragraph 3 "any of their obligations" makes clear that a failure to perform any contractual obligation is a breach where Defendants' version could be read to mean that breach would only occur if they failed to perform every obligation.

DM1\8344610.1

## PARTIES' DISPUTED PROPOSED JURY INSTRUCTION NO. 3

### COUNT I - BREACH OF CONTRACT
### ELEMENT 3: BREACH

*Plaintiff's Version:*

Under the third element, Saccameno has the burden to prove Ocwen and/or U.S. Bank failed to perform ==any of their== obligations under the contract.

Source: IPI 700.10 Breach of Contract--No Dispute as to Contract Formation, Illinois Pattern Civil Jury Instructions (modified).

*Defendants' Version:*

Under the third element, Saccameno has the burden to prove Ocwen and/or U.S. Bank failed to perform ==their== obligations under the contract.

Source: Instruction 700.10 Breach of Contract—No Dispute as to Contract Formation, Illinois Pattern Civil Jury Instructions (modified).

**Plaintiff's Objection:** Defendants' version uses their instead of "any of their" obligations lending itself to confusion regarding whether Saccameno has to prove a singular failure to perform or a failure to perform all obligations.

6

**PARTIES' DISPUTED PROPOSED JURY INSTRUCTION NO. 4**

**COUNT I - BREACH OF CONTRACT**
**ELEMENT 4: DAMAGES**

*Plaintiff's Version:*

The fourth element of a contract claim is damages. Saccameno must prove she sustained damages proximately caused by the breach of contract.

Ocwen and U.S. Bank deny Saccameno sustained any damages.

Source:  IPI 700.11 Damages to Plaintiff as a Result of Defendant's Breach, (modified).

*Defendants' Version:*

The fourth element of a contract claim is damages. Saccameno must prove she sustained damage resulting from Ocwen's and/or U.S. Bank's breach of the mortgage contract.

In proving damages, the burden is on the plaintiff to establish a reasonable basis for computing damages. Thus, damages must be proved with reasonable certainty and cannot be based on conjecture or speculation.  However, absolute certainty with regard to damages is not required.

To recover on her claim, Saccameno must prove that Ocwen's and U.S. Bank's failure to perform under the contract was a proximate cause of her damage.

Ocwen and U.S. Bank deny that Saccameno sustained any damage.

Source: Instruction 700.11 Damages to Plaintiff as a Result of Defendant's Breach, Illinois Pattern Civil Jury Instructions (modified); *Kirkpatrick v. Strosberg*, 894 N.E.2d 781, 792 (Ill. App. 2008).

 **Plaintiff's Objection:** Defendants' version includes superfluous language not included in the IPI. In the absence of circumstances necessitating modification the IPI should be used. The Defendants version also lumps in language not a part of the contract charges under the IPI in an effort to repeat instructions related to damages that can be stated once during charges on damages.

## PARTIES' DISPUTED PROPOSED JURY INSTRUCTION NO. 5

### COUNT I - BREACH OF CONTRACT
### DAMAGES

*Plaintiff's Version:*

If you find in favor of Saccameno you must then decide how much money, if any, would fairly compensate Saccameno for Ocwen and/or U.S. Bank's breach of contract. Saccameno has the burden of proving each element of damages claimed and that they occurred as a direct and natural result of Ocwen and/or U.S. Bank's breach of contract.

In calculating Saccameno's damages, you should determine the sum of money that will put Saccameno in as good a position as she would have been in if Saccameno, Ocwen and U.S. Bank had performed all of their promises under the contract.

Saccameno seeks an award of several different categories of contract damages.

[1]     Direct damages for:

"Direct Damages" are the amount of gain Saccameno would have received if the parties had fully performed the contract. You calculate the amount of this gain by determining the value of the contract benefits Saccameno did not receive because of Ocwen and U.S. Bank's breach and then subtracting from that value, the amount you calculate the value of whatever expenses Saccameno saved because of the breach.

[2]     Incidental damages for:

"Incidental Damages" are costs that were reasonably spent either in responding to the breach of the contract or in securing the benefits that Ocwen and U.S. Bank were to have provided.

[3]     Emotional Distress Damages:

The law does not ordinarily allow emotional distress damages for breaches of contract. "Emotional damages" may only be awarded for a breach of contract if Saccameno has proven that the breach of contract was (a) wanton and reckless and proximately caused bodily harm, or (b) where Ocwen and U.S. Bank had reason to know, when the contract was made, that its breach would cause mental suffering for reasons other than mere pecuniary (monetary) loss, such that serious emotional disturbance was a particularly likely result.

[4]     Punitive Damages

The law does not ordinarily allow for punitive damages for breach of contract. However, punitive damages may be awarded for breach of contract if Saccameno has proven that the breach of contract amounts to an independent tort and Ocwen acted with malice, wantonness or oppression.

8

DM1\8344610.1

Sources: IPI 700.13 Damages modified, *Parks v. Wells Fargo Home Mortg., Inc.*, 398 F.3d 937, 940–41 (7th Cir. 2005) (citing *Maere v. Churchill*, 452 N.E.2d 694, 697 (Ill. App. 1983)). *Northbound Grp., Inc. v. Norvax, Inc.*, 5 F. Supp. 3d 956, 971-72 (N.D. Ill. 2013) *Saccameno v. Ocwen Loan Servicing*, No. 15 C 1164, 2017 U.S. Dist. LEXIS 185427, at *19 (N.D. Ill. Nov. 8, 2017)

***Defendants' Objection to Plaintiff's Version:***

Defendants object to Plaintiff instructing on "Emotional Distress Damages" for her breach of contract claim, because Plaintiff did not request emotional distress damages as contract relief. Fed. R. Civ. P. 15 does not allow a plaintiff to amend the operative complaint in jury charges.

***Defendants' Version:***

If you find in favor of Saccameno, you must then decide how much money, if any, would fairly compensate her for Ocwen's and U.S. Bank's breach of contract. Saccameno has the burden of proving, by a preponderance of the evidence, each element of damages claimed and that they occurred as a direct and natural result of Ocwen's and U.S. Bank's breach.

In calculating Saccameno's damages, you should determine that sum of money that will put Saccameno in as good a position as she would have been in if Saccameno, Ocwen and U.S Bank had performed all of their promises under the contract.

Saccameno seeks an award of several different categories of contract damages.

1. "Direct Damages" are the amount of gain Saccameno would have received if the parties had fully performed the contract. You calculate the amount of this gain by determining the value of the contract benefits Saccameno did not receive because of the breach and then subtracting from that value, the amount you calculate the value of whatever expenses Saccameno saved because of the breach.

2. "Incidental Damages" are costs that were reasonably spent either in responding to the breach of the contract or in securing the benefits the Ocwen and U.S. Bank were to have provided.

3. **[Provisional instruction: This instruction is a provisional instruction subject to Defendants' objection above, and the Court's ruling on Defs.' Mot. *in Limine* to Preclude Evidence Regarding Actual Damages (ECF No. 185), Defs.' Mot. to Exclude Testimony of William J. Sarantos, M.D. (ECF No. 177), Defs.' Mot. to Exclude Evidence or Testimony From Fact Witnesses on Medical Causation (ECF No. 181).]**

The law does not ordinarily allow emotional distress damages for breaches of contract. "Emotional damages" may only be awarded for a breach of contract if Saccameno has

proven that the breach of contract was (a) wanton and reckless and proximately caused bodily harm, or (b) where Ocwen and U.S. Bank had reason to know, when the contract was made, that its breach would cause mental suffering for reasons other than mere pecuniary (monetary) loss, such that serious emotional disturbance was a particularly likely result.

You will address these issues on questions on your verdict form.

Sources: Instruction 700.13 Damages, Illinois Pattern Civil Jury Instructions (modified); *Parks v. Wells Fargo Home Mortg., Inc*., 398 F.3d 937, 940–41 (7th Cir. 2005) (citing *Maere v. Churchill*, 452 N.E.2d 694, 697 (Ill. App. 1983)).

**Plaintiff's Objection:** Defendants' version includes superfluous language not included in the IPI. In the absence of circumstances necessitating modification the IPI should be used. It is unnecessary to repeat the burden of proof numerous times throughout the charges and Defendants' version makes no provision for charging on punitive damages despite the Court's summary judgment ruling that evidence could make a charge on punitive damages for breach of contract appropriate.

<u>**PARTIES' DISPUTED PROPOSED JURY INSTRUCTION NO. 6**</u>

**COUNT I - BREACH OF CONTRACT**
**MITIGATION OF DAMAGES**

*Plaintiff's Version:*

Plaintiff objects on the basis this issue has not been pled as an affirmative defense and the Plaintiff does not agree to try this issue by consent.

*Defendants' Version:*

The law provides that Saccameno cannot recover damages she could have prevented by exercising ordinary care and diligence when she learned or should have learned of the breach.

The burden is on the Defendants to prove Saccameno failed to minimize her damages and that the damages should be reduced by a particular amount as a result.

In this case, Ocwen and U.S. Bank claim and have the burden of proving, by a preponderance of the evidence, that, with reasonable efforts and ordinary care, Saccameno could have avoided some losses in whole or in part, that she claims originally resulted from the Defendants' breach.

If Defendants prove that Saccameno could have avoided some losses in whole or in part with reasonable efforts and ordinary care, you may not require Ocwen and/or U.S. Bank to pay the amount Saccameno could reasonably have avoided and you must subtract any such amount from the amount of damages you have found.

<u>Source</u>: Instruction 700.17 Determination of Damages--Mitigation of Damages, Measure for Buyer's Breach, Illinois Pattern Civil Jury Instructions (modified).

DM1\8344610.1

## <u>PARTIES' DISPUTED PROPOSED JURY INSTRUCTION NO. 7</u>

### COUNT II - FAIR DEBT COLLECTION PRACTICES ACT

***Plaintiff's Version:***

Note: Saccameno believes this Charge should be several charges which Saccameno will number in accordance with her proposed jury instructions. Ocwen and U.S. Bank combine these charges.

**Saccameno Charge 31**

Saccameno claims that Ocwen violated the Fair Debt Collection Practices Act, a federal law that governs the collection of consumer debt. I will refer to this law in these instructions as the FDCPA.

To prevail on this claim Saccameno must show that Ocwen is a debt collector as defined by the FDCPA and that Ocwen violated at least one provision of the FDCPA.

<u>Source</u>: 15 USCS §1692 et seq., generally.

**Saccameno Charge 32**
**COUNT II – Violation of the Fair Debt Collection Practices Act**
**Definitions**

The FDCPA defines a "debt collector" to include any person who uses any instrumentality of interstate commerce, the mails in any business, the principle purpose of which business is the collection of any debt, directly or indirectly, owed, due, or asserted to be owed or due to another.

The FDCPA also defines a "debt collector" to include a mortgage servicer who acquires the rights to service a mortgage loan after the mortgage loan was in default. *Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003)

For purposes of this case Ocwen has admitted it is a debt collector.

The FDCPA defines "debt" to mean any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, whether or not such obligations have been reduced to judgment.

The FDCPA defines "consumer" as any person obligated or allegedly obligated to pay any debt.

The FDCPA [,] is a strict liability statute, and debt collectors whose conduct falls short of its requirements are liable irrespective of their intentions.

12

Source: 15 USCS §1692 et seq., generally. As to admission of debt collector status see PTO stipulations 9-11, 14 and 18. *Ruth v. Triumph P'Ships*, 577 F.3d 790, 805 (7th Cir. 2009)

**Saccameno Charge 34**

**COUNT II – Violation of the Fair Debt Collection Practices Act**

If you determine that Ocwen was a debt collector, then, and only then, you must determine whether Saccameno proved by a preponderance of the evidence:

1. On or after June 27, 2013, Ocwen engaged in conduct the natural consequence of which was to harass, oppress, or abuse Saccameno in connection with the collection of a debt; or

2. On or after June 27, 2013, Ocwen used false, deceptive, or misleading representations or means in connection with the collection of any debt; or

3. On or after June 27, 2013, Ocwen used unfair or unconscionable means to collect or attempt to collect any debt.

Source: 15 U.S.C. §§ 1692a(6),1692d-1692f; *Bailey v. Sec. Nat'l Servicing Corp.*, 154 F.3d 384, 386-88 (7th Cir. 1998).

**Saccameno Charge 36**

If you find that Ocwen did commit any violation of the FDCPA then you must find for Saccameno and consider damages. If you do not find that Ocwen committed any of the violations listed then you must find for Ocwen as to this count of the complaint.

DM1\8344610.1

***Defendants' Version:***

Saccameno claims that Ocwen violated the Fair Debt Collection Practices Act ("FDCPA"). This claim is not addressed against U.S. Bank.

In order to find for Saccameno on this claim, you must first determine whether Saccameno proved, by a preponderance of the evidence, that Ocwen acted as a "debt collector" as defined by the FDCPA.

A "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

Under the law, an entity is not a "debt collector" where it took over collection of a debt on behalf of another before the debt was in default. An entity which purchases or acquires the prior collector of an obligation stands in the shoes of that collector; in other words, if the prior collector is not considered a "debt collector," then the acquirer is not either.

If you cannot find that Ocwen is a debt collector, then your verdict on Count II must be in favor of Ocwen and you must proceed no further on this Count. That is the case, even if you find that Ocwen's conduct was not correct by some other measure.

If you determine that Ocwen was a debt collector, then, and only then, you must determine whether Saccameno proved by a preponderance of the evidence:

4. On or after June 27, 2013, Ocwen engaged in conduct the natural consequence of which was to harass, oppress, or abuse Saccameno in connection with the collection of a debt; or

5. On or after June 27, 2013, Ocwen used false, deceptive, or misleading representations or means in connection with the collection of any debt; or

6. On or after June 27, 2013, Ocwen used unfair or unconscionable means to collect or attempt to collect any debt.

If you find that Saccameno proved each of these elements, then you must find in favor of Saccameno, and against Ocwen on the FDCPA claim, and then consider the issue of damages.

If you find that Saccameno has not established one or more of these elements, then you must find in favor of Ocwen, and against Saccameno on the FDCPA claim, and you will not consider the issue of damages.

<u>Source</u>: 15 U.S.C. §§ 1692a(6),1692d-1692f; *Bailey v. Sec. Nat'l Servicing Corp.*, 154 F.3d 384, 386-88 (7th Cir. 1998).

<u>**PARTIES' DISPUTED PROPOSED JURY INSTRUCTION NO. 8**</u>

**COUNT II - FAIR DEBT COLLECTION PRACTICES ACT
BONA FIDE ERROR DEFENSE**

**Plaintiff's version:**

Plaintiff objects based on the current rulings in the case to this charge.

**Defendant's version:**

**[Provisional Instruction: This instruction is a provisional instruction subject to amendment or withdrawal pending the Court's ruling on Defendants' Motion for Reconsideration of Denial of Motion for Leave to Amend.]**

If you find that Saccameno has proven that Ocwen violated the FDCPA, you must determine whether Ocwen has shown by a preponderance of the evidence that such violation must be excused by the bona fide error defense.

To be excused for a violation of the FDCPA, Ocwen must show that the violation was unintentional, that it resulted from a bona fide error, and that Ocwen maintained procedures reasonably adapted to avoid any such error. A bona fide error is a genuine mistake, not a contrived one.

If you determine that Ocwen has made this showing that, despite your findings above, you must hold in favor of Ocwen.

<u>Sources</u>:  15 U.S.C. §§ 1692k(c); *Hyman v. Tate*, 362 F.3d 965, 968 (7th Cir. 2004); *Puncochar v. Revenue Mgmt. of Ill. Corp.*, No. 15-cv-07089, 2017 U.S. Dist. LEXIS 49939, at *11-12 (N.D. Ill. Mar. 31, 2017) (citing *Kort v. Diversified Collection Services*, 394 F.3d 530, 537 (7th Cir. 2005)).

DM1\8344610.1

## PARTIES' DISPUTED PROPOSED JURY INSTRUCTION NO. 9

### COUNT II --FAIR DEBT COLLECTION PRACTICES ACT DAMAGES

*Plaintiff's Version (2 Charges):*

### Saccameno Charge 38

Under the FDCPA, a plaintiff may recover actual damages. Actual damages may be awarded for any of the following elements of damages proven by the evidence to have resulted from the FDCPA violation:

> Any actual monetary losses or expenses resulting from the violation
> The value of time lost
> The value of earnings lost
> The reasonable expense of necessary medical treatment including prescription costs
> The emotional distress experienced
> The loss of a normal life

When I use the expression "loss of a normal life", I mean the temporary or permanent diminished ability to enjoy life. This includes a person's inability to pursue the pleasurable aspects of life.

Whether any of these elements of damages has been proven by the evidence is for you to determine.

Source: *Jordan v. Dominick's Finer Foods*, 115 F. Supp. 3d 950, 955 (N.D. Ill. 2015), IPI 30.01(modified), IPI 30.07 (modified), IPI 30.06 (modified),IPI 30.05.01(modified), 30.04.02(modified).

### Saccameno Charge 39

In addition, you may, but are not required to, award Saccameno up to $1,000 in statutory damages for violations of the FDCPA.  In assessing statutory damages, you must consider the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional.

Sources:  15 U.S.C. § 1692k(a); *Gillespie v. Blitt & Gaines, P.C.*, 123 F. Supp. 3d 1029, 1032 (N.D. Ill. 2015).

***Defendants' Objection to Plaintiff's Version***:

Defendants object to Plaintiff's list of actual damages categories in Saccameno Charge 38, because Plaintiff lacks admissible evidence of such losses. *See* Defs.' Mot. *in Limine* to Preclude Evidence Regarding Actual Damages (ECF No. 185), Defs.' Mot. *in Limine* to Preclude Testimony Regarding Loss of Job (ECF No. 183), Defs.' Mot. to Exclude Testimony of Bernard Jay Patterson and Admission of His Report (ECF No. 175), Defs.' Mot. to Exclude Testimony of William J. Sarantos, M.D. (ECF No. 177), Defs.' Mot. to Exclude Evidence or Testimony From Fact Witnesses on Medical Causation (ECF No. 181). Additionally, Defendants further object to inclusion of "loss of a normal life" because Plaintiff has never disclosed "loss of a normal life" as damages in this case, and this instruction is used as an "alternative[]" to the Illinois Pattern Civil Jury Instruction on "Measure of Damages—Disability/Loss of a Normal Life", and no disability has been alleged in this case. *See* Instruction 30.04.01 Measure of Damages—Disability/Loss of a Normal Life, Illinois Pattern Civil Jury Instructions.

***Defendants' Version:***

If you find that Saccameno proved her Fair Debt Collection Practices Act claim, and that the bona fide error defense does not apply, then you must decide what damages, if any, to award.

Under the FDCPA, a plaintiff may recover "actual damages."

Actual damages may be recovered only if the FDCPA violation caused harm to the plaintiff. Only losses flowing from an FDCPA violation are recoverable as actual damages.

In addition, you may, but are not required to, award Saccameno up to $1,000 in statutory damages for violations of the FDCPA. In assessing statutory damages, you must consider the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional.

Sources: 15 U.S.C. § 1692k(a); *Gillespie v. Blitt & Gaines, P.C.*, 123 F. Supp. 3d 1029, 1032 (N.D. Ill. 2015).

**Plaintiff's Objection:** Defendants' version does not define what "actual damages" are under the FDCPA. Plaintiff's charge incorporates the instructions from the IPI Series 30 on damages according to the charges that Plaintiff expects the evidence to support.

17

DM1\8344610.1

<u>**PARTIES' DISPUTED PROPOSED JURY INSTRUCTION NO. 10**</u>

**COUNT III – ILLINOIS CONSUMER FRAUD AND
DECEPTIVE BUSINESS PRACTICES ACT**

*Plaintiff's Version:*

Note: Saccameno believes this Charge should be several charges which Saccameno will number in accordance with her proposed jury instructions. Ocwen and U.S. Bank combine these charges. Saccameno also believes it is legally correct to charge ICFA Unfairness and ICFA Deception separately as a jury may return a verdict on only one or on both of those claims.

**Saccameno Charge 40-Unfairness**

Saccameno claims that Ocwen violated an Illinois statute called the Consumer Fraud and Deceptive Business Practices Act ("Consumer Fraud Act"). I will refer to this claim in these instructions as the "Consumer Fraud Act Claim."

The Consumer Fraud Act prohibits unfair and deceptive acts, including the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission.

To prove a violation of the Consumer Fraud Act for unfairness, Saccameno must prove each of the following elements by a preponderance of the evidence:

1)     Ocwen engaged in one or more unfair acts or practices;

2)     Ocwen intended for Saccameno to rely on the unfair acts or practices;

3)     The unfair acts or practices occurred in a course of conduct involving trade or commerce;

4)     Saccameno sustained actual damages; and

5)     Such damages were proximately caused by Ocwen's unfair acts or practices.

If you find that Saccameno proved each of these elements, then you must find in favor of Saccameno and against Ocwen on the Consumer Fraud Act Claim for unfairness, and then consider the issue of damages.

If you find that Saccameno has not established one or more of these elements, then you must find in favor of Ocwen and against Saccameno on the Consumer Fraud Act Claim for unfairness, and you will not consider the issue of damages.

<u>Source</u>: Jury Charges used in *Hammer v. Residential Credit Sols., Inc.*, No. 13 C 6397, 2015 U.S. Dist. LEXIS 162636 (N.D. Ill. Dec. 3, 2015); *Siegel v. Shell Oil Co.*, 612 F.3d 932, 934 (7th Cir.2010).

**Saccameno Charge 45**
**COUNT III – Illinois Consumer Fraud and Deceptive Business Practices Act: Deception**
Saccameno also claims that Ocwen committed deception under the Consumer Fraud Act.

To prove deception under the Consumer Fraud Act, Saccameno must prove each of the following elements by a preponderance of the evidence:

1) Ocwen engaged in a material deceptive act or practice;

2) Ocwen intended for Saccameno to rely on the deception;

3) The deception occurred in a course of conduct involving trade or commerce;

4) Saccameno sustained actual damages; and

5) Such damages were proximately caused by Ocwen's deception.

If you find that Saccameno proved each of these elements, then you must find in favor of Saccameno and against Ocwen on the Consumer Fraud Act Claim for deception, and then consider the issue of damages.

If you find that Saccameno has not established one or more of these elements, then you must find in favor of Ocwen and against Saccameno on the Consumer Fraud Act Claim for deception, and you will not consider the issue of damages.

Source: Jury Charges used in *Hammer v. Residential Credit Sols., Inc.*, No. 13 C 6397, 2015 U.S. Dist. LEXIS 162636 (N.D. Ill. Dec. 3, 2015); *Siegel v. Shell Oil Co.*, 612 F.3d 932, 934 (7th Cir.2010)

***Defendants' Objection to Plaintiff's Version:***

Defendants disagree that ICFA Unfairness and ICFA Deception should be charged separately, because Plaintiff has asserted only a single claim for Violation of Illinois Consumer Fraud Act (Count III) (*see* ECF No. 98, ¶¶78-93). Giving separate instructions improperly misleads the jury to believe Plaintiff has asserted two separate claims, is unfair, prejudicial and not the law because ICFA's text includes "unfair or deceptive acts or practices" together. Further, Defendants' Version appropriately instructs that a violation can be found for either a deceptive act or an unfair practice (or both).

***Defendants' Version:***

Saccameno claims that Ocwen violated an Illinois statute called the Consumer Fraud and Deceptive Business Practices Act ("Consumer Fraud Act"). This claim is not made against U.S. Bank. I will refer to this claim in these instructions as the "Consumer Fraud Act Claim."

The Consumer Fraud Act is a regulatory and remedial statute intended to protect consumers, borrowers, and business persons against fraud, unfair methods of competition, and other unfair and deceptive business practices. The Consumer Fraud Act is not intended to apply to every contract dispute or to supplement every breach of contract claim with a redundant remedy. Instead, a valid claim requires Saccameno to allege unfair or deceptive conduct that is distinct from the conduct alleged in her breach of a contract claim.

A plaintiff may allege either a deceptive act or unfair practice (or both) under the Consumer Fraud Act.

To prove a violation of the Consumer Fraud Act, Saccameno must prove each of the following elements by a preponderance of the evidence:

1. Ocwen engaged in a deceptive act or unfair practice;

2. Ocwen intended for Saccameno to rely on the deceptive act or unfair practice;

3. The deceptive act or unfair practice occurred in a course of conduct involving trade or commerce;

4. Saccameno sustained actual damages; and

5. Such damages were proximately caused by Ocwen's deceptive act or unfair practice.

If you find that Saccameno proved each of these elements, then you must find in favor of Saccameno and against Ocwen on the Consumer Fraud Act Claim, and then consider the issue of damages.

If you find that Saccameno has not established one or more of these elements, then you must find in favor of Ocwen and against Saccameno on the Consumer Fraud Act Claim, and you will not consider the issue of damages.

Source: *Golbeck v. Johnson Blumberg & Assocs., LLC*, No. 16-cv-6788, 2017 U.S. Dist. LEXIS 112493, at *37-38 (N.D. Ill. July 19, 2017).

DM1\8344610.1

<u>**PARTIES' DISPUTED PROPOSED JURY INSTRUCTION NO. 11**</u>

**COUNT III – ILLINOIS CONSUMER FRAUD ACT**
**ELEMENT 1: DECEPTION OR UNFAIRNESS**

*Plaintiff's Version:*

      Note: Saccameno believes this Charge should be several charges which Saccameno will number in accordance with her proposed jury instructions. Ocwen and U.S. Bank combine these charges. Saccameno also believes it is legally correct to charge ICFA Unfairness and ICFA Deception separately as a jury may return a verdict on only one or on both of those claims.

**Saccameno Charge 41**

      As to the first element of the Consumer Fraud Act Claim for unfairness, Saccameno must establish by a preponderance of the evidence that Ocwen committed one or more unfair acts or practices. To determine whether an act or practice is unfair under the Consumer Fraud Act, you must consider the following factors:

      1. whether the practice offends public policy;
      2. whether it is immoral, unethical, oppressive, or unscrupulous;
      3. whether it causes substantial injury to consumers.

      All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three.

      Source: Jury Charges used in *Hammer v. Residential Credit Sols., Inc.*, No. 13 C 6397, 2015 U.S. Dist. LEXIS 162636 (N.D. Ill. Dec. 3, 2015); *Siegel v. Shell Oil Co.*, 612 F.3d 932, 935 (7th Cir.2010).

**Saccameno Charge 46**
**Count III Consumer Fraud Act Claim–Element 1: Material Deceptive Act**

As to the first element of the Consumer Fraud Act Claim – a "material deceptive act or practice" – Saccameno must prove by a preponderance of the evidence that Ocwen knew and failed to disclose and/or misrepresented information, either orally or in writing, about the handling of Saccameno's mortgage loan account.

The deception must have been material to Saccameno. Deception is "material" where a person would have acted differently knowing the information, or if it concerned the type of information upon which a person would be expected to rely in making decisions concerning Saccameno's mortgage loan account

      Source: Jury Charges used in *Hammer v. Residential Credit Sols., Inc.*, No. 13 C 6397, 2015 U.S. Dist. LEXIS 162636 (N.D. Ill. Dec. 3, 2015); *Siegel v. Shell Oil Co.*, 612 F.3d 932, 934 (7th Cir.2010)

***Defendants' Objection to Plaintiff's Version:***

Defendants disagree that ICFA Unfairness and ICFA Deception should be charged separately, because Plaintiff has asserted only a single claim for Violation of Illinois Consumer Fraud Act (Count III) (*see* ECF No. 98, ¶¶78-93). Giving separate instructions improperly misleads the jury to believe Plaintiff has asserted two separate claims, is unfair, prejudicial and not the law because ICFA's text includes "unfair or deceptive acts or practices" together. Further, Defendants' Version appropriately instructs that a violation can be found for either a deceptive act or an unfair practice (or both).

***Defendants' Version:***

As to the first element of the Consumer Fraud Act, Saccameno must establish by a preponderance of the evidence that Ocwen committed one or more deceptive acts or unfair practices.

An act is deceptive if it creates a likelihood of deception or has the capacity to deceive.

The deception must have been material to Saccameno. Deception is "material" where a person would have acted differently knowing the information, or if it concerned the type of information upon which a person would be expected to rely in making decisions concerning Saccameno's loan.

To determine whether a practice is unfair, you must consider the following factors:

1. whether the practice offends public policy;

2. whether it is immoral, unethical, oppressive, or unscrupulous;

3. whether it causes substantial injury to consumers.

All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three.

Sources: *Bober v. Glaxo Wellcome Plc,* 246 F.3d 934, 938 (7th Cir. 2001); *Golbeck v. Johnson Blumberg & Assocs., LLC*, No. 16-cv-6788, 2017 U.S. Dist. LEXIS 112493, at *37-38 (N.D. Ill. July 19, 2017); *Siegel v. Shell Oil Co.*, 612 F.3d 932, 935 (7th Cir. 2010).

## PARTIES' DISPUTED PROPOSED JURY INSTRUCTION NO. 12

### COUNT III – ILLINOIS CONSUMER FRAUD ACT
### ELEMENT 2: INTENT

***Plaintiff's Version:***

Note: Saccameno believes this Charge should be several charges which Saccameno will number in accordance with her proposed jury instructions. Ocwen and U.S. Bank combine these charges. Saccameno also believes it is legally correct to charge ICFA Unfairness and ICFA Deception separately as a jury may return a verdict on only one or on both of those claims.

### Saccameno Charge 42

As to the second element of the Consumer Fraud Act Claim for unfairness– Saccameno must prove by a preponderance of the evidence that Ocwen intended for Saccameno to rely on the unfair act or practices.

Source: Jury Charges used in *Hammer v. Residential Credit Sols., Inc.*, No. 13 C 6397, 2015 U.S. Dist. LEXIS 162636 (N.D. Ill. Dec. 3, 2015); *Siegel v. Shell Oil Co.*, 612 F.3d 932, 934 (7th Cir.2010).

### Saccameno Charge 47
### Count III – Consumer Fraud Act Claim – Deception
### Element 2: Intent to Rely

As to the second element of the Consumer Fraud Act Claim for deception– that "Ocwen intended for Saccameno to rely on" the alleged deception –

Saccameno must prove by a preponderance of the evidence that Ocwen knew and failed to disclose and/or misrepresented material facts for the purpose of inducing Saccameno's actions with regard to Saccameno's mortgage loan account.

Source: Jury Charges used in *Hammer v. Residential Credit Sols., Inc.*, No. 13 C 6397, 2015 U.S. Dist. LEXIS 162636 (N.D. Ill. Dec. 3, 2015); *Siegel v. Shell Oil Co.*, 612 F.3d 932, 934 (7th Cir.2010)

***Defendants' Objection to Plaintiff's Version:***

Defendants disagree that ICFA Unfairness and ICFA Deception should be charged separately, because Plaintiff has asserted only a single claim for Violation of Illinois Consumer Fraud Act (Count III) (*see* ECF No. 98, ¶¶78-93). Giving separate instructions improperly misleads the jury to believe Plaintiff has asserted two separate claims, is unfair, prejudicial and not the law because ICFA's text includes "unfair or deceptive acts or practices" together. Further, Defendants' Version appropriately instructs that a violation can be found for either a deceptive act or an unfair practice (or both).

***Defendants' Version:***

As to the second element of the Consumer Fraud Act claim, Saccameno must prove by a preponderance of the evidence that Ocwen intended for Saccameno to rely on the alleged deceptive act or unfair practice.

Source: *Golbeck v. Johnson Blumberg & Assocs., LLC*, No. 16-cv-6788, 2017 U.S. Dist. LEXIS 112493, at *37-38 (N.D. Ill. July 19, 2017).

DM1\8344610.1

<u>**PARTIES' DISPUTED PROPOSED JURY INSTRUCTION NO. 13**</u>

**COUNT III – ILLINOIS CONSUMER FRAUD ACT
ELEMENT 3: "TRADE" AND "COMMERCE"**

*Plaintiff's Version:*

Note: Saccameno believes this Charge should be several charges which Saccameno will number in accordance with her proposed jury instructions. Ocwen and U.S. Bank combine these charges. Saccameno also believes it is legally correct to charge ICFA Unfairness and ICFA Deception separately as a jury may return a verdict on only one or on both of those claims.

**Saccameno Charge 43**

As to the third element of the Consumer Fraud Act Claim for unfairness, Saccameno must prove that the unfair act occurred in the course of trade or commerce as defined by the Consumer Fraud Act:

> The terms "trade" and "commerce" mean the advertising, offering for sale, sale, or distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value wherever situated, and shall include any trade or commerce directly or indirectly affecting the people of this State.

<u>Source</u>: Jury Charges used in *Hammer v. Residential Credit Sols., Inc.*, No. 13 C 6397, 2015 U.S. Dist. LEXIS 162636 (N.D. Ill. Dec. 3, 2015); *Siegel v. Shell Oil Co.*, 612 F.3d 932, 934 (7th Cir.2010).

**Saccameno Charge 48**

As to the third element of the Consumer Fraud Act Claim for deception Saccameno must prove that the deception occurred in the course of trade or commerce as defined by the Consumer Fraud Act:

> The terms "trade" and "commerce" mean the advertising, offering for sale, sale, or distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value wherever situated, and shall include any trade or commerce directly or indirectly affecting the people of this State.

Source: Jury Charges used in *Hammer v. Residential Credit Sols., Inc.*, No. 13 C 6397, 2015 U.S. Dist. LEXIS 162636 (N.D. Ill. Dec. 3, 2015); *Siegel v. Shell Oil Co.*, 612 F.3d 932, 934 (7th Cir.2010)

***Defendants' Objection to Plaintiff's Version:***

Defendants disagree that ICFA Unfairness and ICFA Deception should be charged separately, because Plaintiff has asserted only a single claim for Violation of Illinois Consumer Fraud Act (Count III) (*see* ECF No. 98, ¶¶78-93).  Giving separate instructions improperly misleads the jury to believe Plaintiff has asserted two separate claims, is unfair, prejudicial and not the law because ICFA's text includes "unfair or deceptive acts or practices" together.  Further, Defendants' Version appropriately instructs that a violation can be found for either a deceptive act or an unfair practice (or both).

***Defendants' Version:***

As to the third element of the Consumer Fraud Act claim, Saccameno must prove that the deceptive act or unfair practice occurred in the course of trade or commerce as defined by the Consumer Fraud Act:

> The terms "trade" and "commerce" mean the advertising, offering for sale, sale, or distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value wherever situated, and shall include any trade or commerce directly or indirectly affecting the people of this State.

Source: 815 ILCS 505/1(f).

## PARTIES' DISPUTED PROPOSED JURY INSTRUCTION NO. 14

## COUNT III – ILLINOIS CONSUMER FRAUD ACT
## ELEMENTS 4 and 5: DAMAGES AND PROXIMATE CAUSE

*Plaintiff's Version:*

Note: Saccameno believes this Charge should be several charges which Saccameno will number in accordance with her proposed jury instructions. Ocwen and U.S. Bank combine these charges. Saccameno also believes it is legally correct to charge ICFA Unfairness and ICFA Deception separately as a jury may return a verdict on only one or on both of those claims. Saccameno included a shorter version in Charge 44 that does not explain actual damages in the terms of pecuniary losses and a longer charge in Charge 49 that sets out a more complete definition of actual economic damages (pecuniary losses). Saccameno believes that one of these two versions should be selected and used appropriately for both unfairness and deception.

### Saccameno Charge 44

As to the fourth and fifth elements of the Consumer Fraud Act Claim for unfairness – Saccameno must prove by a preponderance of the evidence that Saccameno has suffered actual damages and that Ocwen's unfair conduct proximately caused Saccameno's actual damages.

Source: Jury Charges used in *Hammer v. Residential Credit Sols., Inc.*, No. 13 C 6397, 2015 U.S. Dist. LEXIS 162636 (N.D. Ill. Dec. 3, 2015); *Siegel v. Shell Oil Co.*, 612 F.3d 932, 935 (7th Cir.2010).

### Saccameno Charge 49

As to the fourth and fifth elements of the Consumer Fraud Act Claim for deception – that Ocwen's alleged conduct "proximately caused" damages to Saccameno – Saccameno must prove by a preponderance of the evidence that Saccameno was in some manner deceived and that Ocwen's deceptive conduct proximately caused Saccameno to suffer actual economic damages.

Economic damages are defined as objectively verifiable monetary losses. These damages include, but are not limited to, improper costs and fees assessed to the mortgage loan, damage to credit, late fees assessed, time and money spent attempting to correct the account or defending a lawsuit, demands for improper amounts under the mortgage loan, refusing tendered payments and then holding the borrower responsible for having failed to make those payments, loss of a job, expenses for medications to treat anxiety and depression brought about by wrongful conduct of defendant.

If you do not find by a preponderance of the evidence that Ocwen's conduct caused Saccameno economic damages then you must find for the defendants on the consumer fraud claim.

Source: *Siegel v. Shell Oil Co., 612 F.3d 932, 935 (7th Cir.2010); Collins v. Reynard*, 1991 Ill. LEXIS 104, at *4-5 (Oct. 31, 1991), *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 575 (7th

Cir. 2012)**,** *Grant-Hall v. Cavalry Portfolio Servs., LLC*, 856 F. Supp. 2d 929, 942 (N.D. Ill. 2012), *Hammer v. Residential Credit Sols., Inc.*, No. 13 C 6397, 2015 U.S. Dist. LEXIS 162636, at *72 (N.D. Ill. Dec. 3, 2015), *Saccameno v. Ocwen Loan Servicing*, No. 15 C 1164, 2017 U.S. Dist. LEXIS 185427, at *13 (N.D. Ill. Nov. 8, 2017).

***Defendants' Objection to Plaintiff's Version:***

Defendants disagree that ICFA Unfairness and ICFA Deception should be charged separately, because Plaintiff has asserted only a single claim for Violation of Illinois Consumer Fraud Act (Count III) (*see* ECF No. 98, ¶¶78-93).  Giving separate instructions improperly misleads the jury to believe Plaintiff has asserted two separate claims, is unfair, prejudicial and not the law because ICFA's text includes "unfair or deceptive acts or practices" together.  Further, Defendants' Version appropriately instructs that a violation can be found for either a deceptive act or an unfair practice (or both).

Defendants further object to Plaintiff's Version because it fails to use the well established definition of actual damages as "actual pecuniary loss".

Defendants further object to Saccameno Charge 49's description of "objectively verifiable monetary losses," because Plaintiff lacks admissible evidence of such losses. *See* Defs.' Mot. *in Limine* to Preclude Evidence Regarding Actual Damages (ECF No. 185), Defs.' Mot. *in Limine* to Preclude Testimony Regarding Loss of Job (ECF No. 183), Defs.' Mot. to Exclude Testimony of Bernard Jay Patterson and Admission of His Report (ECF No. 175), Defs.' Mot. to Exclude Testimony of William J. Sarantos, M.D. (ECF No.  177), Defs.' Mot. to Exclude Evidence or Testimony From Fact Witnesses on Medical Causation (ECF No. 181).

***Defendants' Version:***

As to the fourth and fifth elements of the Consumer Fraud Act claim– Saccameno must prove, by a preponderance of the evidence, that Saccameno has suffered actual damages and that Ocwen's deceptive act or unfair practice proximately caused Saccameno's actual damages.

To establish actual damages for the Consumer Fraud Act claim, Saccameno must prove, by a preponderance of the evidence, that she suffered "actual pecuniary loss".

In other words, actual damages are economic and calculable, not emotional or intangible. Alleged damages for "annoyance and loss of time" are not recoverable.  Alleged damage to plaintiff's credit rating, absent proof that she suffered actual damages flowing from the decrease in credit score such as being denied credit, losing credit, having her credit limits lowered, or being required to pay a higher interest rate for credit, is not recoverable.  Theoretical harm is insufficient, and damages may not be predicated on mere speculation, hypothesis, conjecture or whim.

Source: *Siegel v. Shell Oil Co.*, 612 F.3d 932, 935 (7th Cir. 2010); *Saccameno v. Ocwen Loan Servicing*, No. 15 C 1164, 2017 U.S. Dist. LEXIS 185427, at *6 (N.D. Ill. Nov. 8, 2017) (citing *Kim v. Carter's Inc.*, 598 F.3d 362, 365 (7th Cir. 2010)); *Frye v. L'Oreal USA, Inc.*, 583 F. Supp. 2d 954, 957 (N.D. Ill. 2008); *Hart v. Amazon.com, Inc.*, 191 F. Supp. 3d 809, 823 (N.D. Ill. 2016); *Zuber v. Bayview Loan Servicing, LLC*, No. 15 C 10976, 2016 U.S. Dist. LEXIS 157267,

at *4 (N.D. Ill. Nov. 14, 2016); *McLaughlin v. LVNV Funding, LLC*, 971 F. Supp. 2d 796, 802 (N.D. Ill. 2013); *Reeder v. HSBC USA, Inc.*, 2009 WL 4788488, at *13 (N.D. Ill. Dec. 8, 2009).

      **Plaintiff's Objection:** Defendants' version includes superfluous language in the last paragraph that begins with "in other words" and this entire paragraph is improper, confusing, and fails to elucidate any definition of actual pecuniary loss. Further, this paragraph is tantamount to an argument and is not an instruction.

**PARTIES' DISPUTED PROPOSED JURY INSTRUCTION NO. 15**

**COUNT III – ILLINOIS CONSUMER FRAUD ACT**
**MEASURE OF DAMAGES**

*Plaintiff's Version:*

Note: Saccameno believes this Charge should be several charges which Saccameno will number in accordance with her proposed jury instructions. Ocwen and U.S. Bank combine these charges.

**Saccameno Charge 51**

If you decide for Saccameno on the question of liability under the Consumer Fraud Act Claim for deception and/or unfairness, you must decide how much money, if any, will reasonably and fairly compensate Saccameno for damages proved by the evidence to have resulted from the conduct of Ocwen.

Saccameno has the burden of proving damages to a reasonable degree of certainty and Saccameno must establish a reasonable basis for computation of damages. A damages award may not be based on speculation or conjecture. However, absolute certainty with regard to damages is not required.

<u>Source</u>: Jury Charges used in *Hammer v. Residential Credit Sols., Inc.*, No. 13 C 6397, 2015 U.S. Dist. LEXIS 162636 (N.D. Ill. Dec. 3, 2015).

**Saccameno Charge 52**

You may award compensatory damages only for injuries that Saccameno has proved by a preponderance of the evidence were caused by Ocwen and U.S. Bank's wrongful conduct. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include all aspects of Saccameno's injury, even if they are not easy to measure.

In this case, Saccameno claims compensatory damages for the following injuries resulting from the Consumer Fraud Act violation:

Any actual monetary losses or expenses resulting from the violation
The value of time lost
The value of earnings lost
The reasonable expense of necessary medical treatment including prescription costs
The emotional distress experienced
The loss of a normal life

When I use the expression "loss of a normal life", I mean the temporary or permanent diminished ability to enjoy life. This includes a person's inability to pursue the pleasurable aspects of life.

31

Whether any of these elements of damages has been proven by the evidence is for you to determine.

Source: *Jordan v. Dominick's Finer Foods*, 115 F. Supp. 3d 950, 955 (N.D. Ill. 2015), IPI 30.01(modified), IPI 30.07 (modified), IPI 30.06 (modified),IPI 30.05.01(modified), 30.04.02(modified).

### Defendants' Objection to Plaintiff's Version:

Defendants disagree that ICFA Unfairness and ICFA Deception should be charged separately, because Plaintiff has asserted only a single claim for Violation of Illinois Consumer Fraud Act (Count III) (*see* ECF No. 98, ¶¶78-93). Giving separate instructions improperly misleads the jury to believe Plaintiff has asserted two separate claims, is unfair, prejudicial and not the law because ICFA's text includes "unfair or deceptive acts or practices" together. Further, Defendants' Version appropriately instructs that a violation can be found for either a deceptive act or an unfair practice (or both).

Defendants further object to Plaintiff's Version because it fails to use the well established definition of actual damages as "actual pecuniary loss". Further, Plaintiff may only recover certain non-economic damages (limited to emotional distress, inconvenience and aggravation) if Plaintiff has first established "actual pecuniary loss." Plaintiff's Version is misleading because it includes "[t]he emotional distress experienced" and "[t]he loss of a normal life" as recoverable compensatory damages, without this necessary explanation.

Defendants further object to Saccameno Charge 52's description of "compensatory damages," because Plaintiff lacks admissible evidence of such alleged damages. *See* Defs.' Mot. *in Limine* to Preclude Evidence Regarding Actual Damages (ECF No. 185), Defs.' Mot. *in Limine* to Preclude Testimony Regarding Loss of Job (ECF No. 183), Defs.' Mot. to Exclude Testimony of Bernard Jay Patterson and Admission of His Report (ECF No. 175), Defs.' Mot. to Exclude Testimony of William J. Sarantos, M.D. (ECF No. 177), Defs.' Mot. to Exclude Evidence or Testimony From Fact Witnesses on Medical Causation (ECF No. 181). Additionally, Defendants further object to inclusion of "loss of a normal life" because Plaintiff has never disclosed "loss of a normal life" as damages in this case, and this instruction is used as an "alternative[]" to the Illinois Pattern Civil Jury Instruction on "Measure of Damages—Disability/Loss of a Normal Life", and no disability has been alleged in this case. See Instruction 30.04.01 Measure of Damages—Disability/Loss of a Normal Life, Illinois Pattern Civil Jury Instructions.

### Defendants' Version:

If you decide for Saccameno on the question of liability under the Consumer Fraud Act Claim for deception and/or unfairness, you must decide how much money, if any, will reasonably and fairly compensate Saccameno for actual pecuniary loss proved by the evidence to have resulted from the conduct of Ocwen.

Under the Consumer Fraud Act, actual pecuniary loss must be quantifiable or calculable, and measured by the plaintiff's loss. Mere speculation of damages the plaintiff could have sustained is insufficient. The purpose of awarding damages to a consumer-fraud victim is not to

punish the defendant or bestow a windfall upon the plaintiff, but rather to make the plaintiff whole.

Saccameno has the burden of proving actual pecuniary loss to a reasonable degree of certainty and Saccameno must establish a reasonable basis for computation of damages. However, absolute certainty with regard to damages is not required.

A damages award may not be based on speculation or conjecture.

If Saccameno has proven that she suffered "actual pecuniary loss", then Saccameno may also recover certain non-economic damages she proves by a preponderance of the evidence were caused by Ocwen and U.S. Bank's wrongful conduct. The only non-economic damages Saccameno may recover are for emotional distress, inconvenience and aggravation.

Source: *Kirkpatrick v. Strosberg*, 894 N.E.2d 781, 792 (Ill. App. 2008); *Saccameno v. Ocwen Loan Servicing*, No. 15 C 1164, 2017 U.S. Dist. LEXIS 185427, at *14 (N.D. Ill. Nov. 8, 2017) (citing *Hart v. Amazon.com, Inc.*, 191 F. Supp. 3d 809, 823 (N.D. Ill. 2016)); *Burkhart v. Wolf Motors of Naperville, Inc.*, 61 N.E.3d 1155, 1161 (Ill. App. 2016) (citing *Mulligan v. QVC, Inc.*, 888 N.E.2d 190 (Ill. App. 2008)); *Camasia v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 739 (7th Cir. 2014); *Starke v. Select Portfolio Servicing, Inc.*, 2017 U.S. Dist. LEXIS 207616, at *8-9 (N.D. Ill. Dec. 18, 2017); *Worix v. MedAssets, Inc.*, 869 F. Supp. 2d 893, 901 (N.D. Ill. 2012); *Morris v. Harvey Cycle & Camper, Inc.*, 392 Ill. App. 3d 399, 403, 331 Ill. Dec. 819, 824, 911 N.E.2d 1049, 1054 (2009).

**Plaintiff's Objection**: Defendants' version attempts to improperly limit recovery under this count to actual pecuniary loss. Actual pecuniary loss is a threshold damages matter. Once the jury determines that actual pecuniary losses have been incurred then the whole plethora of economic, non-economic and when appropriate, punitive damages may be awarded. This instruction is confusing and improperly limiting and misstates the law.

**PARTIES' DISPUTED PROPOSED JURY INSTRUCTION NO. 16**

**COUNT III – ILLINOIS CONSUMER FRAUD ACT**
**PUNITIVE DAMAGES**

*Plaintiff's Version:*
Note: Saccameno believes this Charge should be two charges which Saccameno will number in accordance with her proposed jury instructions. Ocwen and U.S. Bank combine these charges.

**Saccameno 55**

In addition to compensatory damages, the law permits you under the Consumer Fraud Act Claim under certain circumstances to award punitive damages. If you find, with respect to either or both the unfairness or deception claims by Saccameno, that Ocwen and U.S. Bank's conduct was fraudulent, intentional and/or willful and wanton and proximately caused injury and/or damage to Saccameno, and if you believe that justice and the public good require it, you may award an amount of money which will punish Ocwen and U.S. Bank and discourage them and others from similar conduct.

In arriving at your decision as to the amount of punitive damages, you should consider the following three questions. The first question is the most important to determine the amount of punitive damages:

(1)     How reprehensible was Ocwen and U.S. Bank's conduct?

On this subject, you should consider the following:

(a)     The facts and circumstances of Ocwen and U.S. Bank's conduct;

(b)     The financial vulnerability of Saccameno;

(c)     The duration of the misconduct;

(d)     The frequency of Ocwen and U.S. Bank's misconduct;

(e)     Whether the harm was physical as opposed to economic; and

(f)     Whether Ocwen and U.S. Bank tried to conceal the misconduct.

(2)     What actual and potential harm did Ocwen and U.S. Bank's conduct cause to Saccameno in this case?

(3)     What amount of money is necessary to punish Ocwen and U.S. Bank and discourage them and/or others from future wrongful conduct?

The amount of punitive damages must be reasonable and in proportion to the actual and potential harm suffered by Saccameno.

Sources: IPI 35.01 and Jury Charges used in *Hammer v. Residential Credit Sols., Inc.*, No. 13 C 6397, 2015 U.S. Dist. LEXIS 162636 (N.D. Ill. Dec. 3, 2015).

**Saccameno 56**

OCWEN AND U.S. BANK are corporations and can act only through their officers and employees. As to Saccameno's claim for compensatory damages against Ocwen and U.S. Bank, any act or omission of an officer or employee within the scope of his or her employment is the act or omission of the defendant corporation.

As to Saccameno's claim for punitive damages against Ocwen and U.S. Bank, a different rule applies. Punitive damages may be awarded against Ocwen and U.S. Bank only (1) if you find in favor of Saccameno and against Ocwen and U.S. Bank under either of the Consumer Fraud Act Claims, and (2) if you find that, as to the representation(s) or omission(s) giving rise to liability under either of the Consumer Fraud Act Claims, one or more of the following conditions are proved:

(a) The corporation, through its management, authorized the doing and the manner of the representation or omission; or

(b) The representation or omission was that of a managerial employee who was acting in the scope of his or her employment; or

(c) The corporation, through its management or a managerial employee, ratified or approved the representation or omission.

Source: IPI 35.02 and Jury Charges used in *Hammer v. Residential Credit Sols., Inc.*, No. 13 C 6397, 2015 U.S. Dist. LEXIS 162636 (N.D. Ill. Dec. 3, 2015).

DM1\8344610.1

***Defendants' Objection to Plaintiff's Version:***

Defendants object to Plaintiff's explanation of the showing required to prove entitlement to punitive damages. Defendants' proposed instruction below states the correct showing required.

***Defendants' Version:***

**[Provisional Instruction: This instruction is a provisional instruction, and the trial court "must initially decide whether the cause of action in general and the facts of the particular case provide sufficient proof of aggravated circumstances to warrant submitting the issue to the trier of fact. This determination is a matter of law." *In re Estate of Wernick*, 127 Ill. 2d 61, 535 N.E.2d 876, 886, 129 Ill. Dec. 111 (Ill. 1989). "If the facts of the case legally justify an award of punitive damages, the issue is then submitted to the trier of fact." Further, this instruction is subject to withdrawal or amendment pending this Court's ruling on Defendants' Motion *in Limine* to Preclude Evidence Concerning Punitive Damages (ECF No. 187), and Defendants' Motion to Bifurcate the Issue of Punitive Damages from Liability and Compensatory Damages (ECF No. 179).]**

In addition to actual compensatory damages, the law permits you under the Consumer Fraud Act under certain circumstances to award punitive damages. Punitive damages can only be awarded where actual pecuniary loss has been shown.

If you find, with respect to the Consumer Fraud Act claim, that Ocwen acted maliciously or with deliberate indifference, and proximately caused actual pecuniary loss to Saccameno, and if you believe that justice and public good require it, you may award an amount of money which will punish Ocwen and discourage them and others from similar conduct.

Saccameno must prove by a preponderance of the evidence that punitive damages should be assessed against Ocwen. You may assess punitive damages only if you find that Ocwen acted maliciously or with deliberate indifference to Saccameno's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Saccameno. Conduct is done with deliberate indifference if Ocwen consciously disregarded an excessive risk to Saccameno's rights.

Because Ocwen is a corporation and can act only through its officers and employees. punitive damages may be awarded against Ocwen only (1) if you find in favor of Saccameno and against Ocwen under the Consumer Fraud Act claim, and (2) if you find that, as to the conduct giving rise to liability under either of the Consumer Fraud Act Claims, one or more of the following conditions are proved:

    (a) The corporation, through its management, authorized the doing and the manner of the representation or omission; or

    (b) The representation or omission was that of a managerial employee who was acting in the scope of his or her employment; or

(c) The corporation, through its management or a managerial employee, ratified or approved the representation or omission.

In arriving at your decision whether to award punitive damages and the amount, if any at all, you should consider the following three questions. The first question is the most important to determine the amount of punitive damages:

1. How reprehensible was Ocwen's conduct?

   On this subject, you should consider the following:

      a) The facts and circumstances of Ocwen's conduct;
      b) The financial vulnerability of Saccameno;
      c) The duration of the misconduct;
      d) The frequency of Ocwen's misconduct;
      e) Whether the harm was physical as opposed to economic; and
      f) Whether Ocwen tried to conceal the misconduct.

2. What actual and potential harm did Ocwen conduct cause to Saccameno in this case?

3. What amount of money is necessary to punish Ocwen and discourage them and/or others from future wrongful conduct?

   The amount of punitive damages must be reasonable and in proportion to the actual and potential harm suffered by Saccameno.

Source: *Saccameno v. Ocwen Loan Servicing*, No. 15 C 1164, 2017 U.S. Dist. LEXIS 185427, at *20 (N.D. Ill. Nov. 8, 2017) (citing *Wendorf v. Landers*, 755 F. Supp. 2d 972, 981 (N.D. Ill. 2010), *Kemner v. Monsanto Co.*, 576 N.E.2d 1146, 1153 (Ill. App. 1991), 7.28 Damages, Punitive, Fed. Civil Jury Instr. Of the Seventh Cir. (modified), *Williams v. Patel*, 104 F. Supp. 2d 984, 989 (C.D. Ill. 2000), Instructions 35.01 Punitive/Exemplary Damages—Willful and Wanton Conduct, 35.02 Punitive/Exemplary Damages--Willful and Wanton Conduct--Corporate Defendant's Liability (modified), Illinois Pattern Civil Jury Instructions (modified by combining instructions).

   **Plaintiff's Objection:** Defendants' version of this charge incorporates the standard set out in *Wendorf v. Landers* which Saccameno has objected to as being in variance from the IPI and Illinois state law. This matter is briefed in one of the multitudinous motions filed by Defendants and Saccameno expects the Court will resolve this issue before charges are put to the jury. To the extent the Court elects to charge under *Wendorf* then Saccameno would request appropriate definitions of each type of conduct that could justify the award of punitive damages.

**PARTIES' DISPUTED PROPOSED JURY INSTRUCTION NO. 17**

**COUNT IV: REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA)**

*Plaintiff's Version (2 Charges) :*

**Saccameno 58**

Saccameno also claims Ocwen violated the Real Estate Settlement Procedures Act, also known as RESPA. Saccameno claims that Ocwen violated section 2605(e) of RESPA. RESPA establishes certain duties of loan servicer to respond to borrower inquiries.


Source: RESPA 2605(e).

**Saccameno 59**

In order to prevail on her claim that Ocwen is liable to her for a violation of RESPA section 2605(e), Saccameno has the burden of proof to establish each of following elements:

1) Ocwen was servicing Saccameno's loan under RESPA;

2) Saccameno or her attorney sent Ocwen a qualified written request, request for information or notice of error under RESPA;

3) Ocwen failed to properly respond to Saccameno's qualified written request, request for information or notice of error within the time and manner allowed under RESPA or Ocwen reported her account to the credit bureaus within 60 days of receiving a qualified written request, request for information or notice of error; And

4) Saccameno suffered actual damages as a direct result of Ocwen's failure to properly respond to her qualified written request, request for information or notice of error.

RESPA's definition of the terms servicing and qualified written request are contained in the following instructions.


Source: RESPA – Section 2605(e).

***Defendants' Version:***

Saccameno also claims Ocwen and U.S. Bank violated the Real Estate Settlement Procedures Act, also known as RESPA. RESPA establishes certain duties of loan servicer to respond to borrower inquiries.

Saccameno claims that Ocwen and U.S. Bank violated section 2605(e) of RESPA. In order to prevail on her claim that Ocwen and U.S. Bank are liable to her for a violation of RESPA section 2605(e), Saccameno has the burden of proof to establish each of following elements:

1. Ocwen and U.S. Bank were servicing Saccameno's loan under RESPA;

2. Saccameno or her attorney sent Ocwen and U.S. Bank a qualified written request under RESPA;

3. Ocwen and U.S. Bank failed to properly respond to Saccameno's qualified written request within the time and manner allowed under RESPA, or Ocwen and U.S. Bank reported her account to the credit bureaus within 60 days of receiving a qualified written request; and

4. Saccameno suffered actual damages as a direct result of Ocwen's and U.S. Bank's failure to properly respond to her written request.

Only if you decide that Saccameno has proven all of these elements by a preponderance of the evidence, including the existence of actual damages, may you award Saccameno damages to compensate them under RESPA.

These elements and legal terms are explained in the instructions that follow.

If you find that Saccameno proved each of these elements, then you must find in favor of Saccameno, and against Ocwen and/or U.S. Bank on the RESPA claim, and then consider the issue of damages.

If you find that Saccameno has not established one or more of these elements, then you must find in favor of Ocwen and U.S. Bank, and against Saccameno on the RESPA claim, and you will not consider the issue of damages.

Source: 12 U.S.C. § 2605(e).

**Plaintiff's Objection**: Saccameno believes this should be two charges. Saccameno also believes Defendants' version contains superfluous language after element 4 that should not be included.

**PARTIES' DISPUTED PROPOSED JURY INSTRUCTION NO. 18**

**COUNT IV: REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA)
ELEMENT 1: SERVICER AND SERVICING**

*Plaintiff's Version:*

Saccameno has established that Ocwen was the servicer of her loan and Ocwen was servicing her loan at all times material to this case.

Source: PTO Admissions 8-33.

*Defendants' Version:*

Saccameno must prove by a preponderance of the evidence that Ocwen and U.S. Bank were the "servicers" of her loan and that Ocwen and U.S. Bank were "servicing" her loan at the time she issued her qualified written request.

The term "servicer" means the person responsible for servicing of a loan.

The term "servicing" means receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan. The creation, denial or rejection of a loan modification is not servicing under RESPA.

Saccameno must prove that:

    i.    Ocwen and U.S. Bank were responsible for servicing of Saccameno's loan; and

    ii.    Ocwen and U.S. Bank received scheduled periodic payments from Saccameno pursuant to the terms of any loan.

Source: 12 U.S.C. § 2605(i).

**Plaintiff's Objection:** Saccameno asserts that this issue should be charged as she has proposed as it is not in dispute.

## PARTIES' DISPUTED PROPOSED JURY INSTRUCTION NO. 19

## COUNT IV: REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA) ELEMENT 3: RESPONSE TO A QUALIFIED WRITTEN REQUEST

*Plaintiff's Version:*

Upon receipt of a valid qualified written request, request for information or notice of error, a servicer has 5 days to acknowledge its receipt and 30 days to respond. A servicer shall respond by:

1)

A) after conducting an investigation, provide the borrower with a written explanation or clarification of why the servicer believes the borrower's account is correct; and provide the name and telephone number of an individual or the office or the department of the servicer that can provide assistance to the borrower.

OR

B) after conducting an investigation, provide the borrower with a written explanation or clarification of why the information requested by the borrower is unavailable or cannot be obtained; and provide the name and telephone number of an individual or the office or the department of the servicer that can provide assistance to the borrower.

OR

2) during the 60 day period beginning on the date of the servicer's receipt from any borrow a qualified written request relating to a dispute regarding the borrower's payments, a servicer may not provide information regarding any overdue payment owed by such borrower and relating to such period or qualified written request to any consumer reporting agency.

Source: Jury Charges used in *Hammer v. Residential Credit Sols., Inc.*, No. 13 C 6397, 2015 U.S. Dist. LEXIS 162636 (N.D. Ill. Dec. 3, 2015); 12 U.S.C.S. §2605(e)(2)&(e)(3).

***Defendants' Version:***

Saccameno must prove by a preponderance of the evidence that Ocwen and U.S. Bank as servicers of her loan failed to adequately respond to her qualified written request OR that Ocwen and U.S. Bank reported her account to the credit bureaus within 60 days of receiving a qualified written request.

Upon receipt of a valid qualified written response, a servicer has 5 days to acknowledge its receipt and 30 days to respond. A loan servicer only has an obligation to respond to a qualified written request when the information requested relates to the actual servicing of the loan. A servicer shall respond by:

A) after conducting an investigation, providing the borrower with a written explanation or clarification of why the servicer believes the borrower's account is correct; and providing the name and telephone number of an individual or the office or the department of the servicer that can provide assistance to the borrower; OR

B) after conducting an investigation, providing the borrower with a written explanation or clarification of why the information requested by the borrower is unavailable or cannot be obtained; and providing the name and telephone number of an individual or the office or the department of the servicer that can provide assistance to the borrower.

It is irrelevant whether the servicer's understanding of the account is correct, so long as it is reasonable. Therefore, a reasonable explanation of the servicer's belief as to the account is sufficient, even if it is later determined that the belief is erroneous

During the 60-day period beginning on the date of the servicer's receipt from any borrower of a qualified written request relating to a dispute regarding the borrower's payments, a servicer may not provide information regarding any overdue payment owed by such borrower and relating to such period or qualified written request to any consumer reporting agency.

Source: 12 U.S.C. § 2605(e); *Vassalotti v. Wells Fargo Bank, N.A.*, 732 F. Supp. 2d 503, 509 (E.D. Pa. 2010); *Vilkofsky v. Specialized Loan Servicing, LLC*, No. 2:16-cv-01291-NBF, 2017 U.S. Dist. LEXIS 29994 (W.D. Pa. Mar. 3, 2017).

**Plaintiff's Objection:** Defendants' version includes superfluous language in the first paragraph that does not belong in this charge. Also, the language in the paragraph after Defendants' Paragraph B is an incorrect statement of the law. Saccameno believes this charge was taken from a withdrawn charge that Saccameno had provided to Defendants from the Hammer trial that dealt with servicer's duties under a loan modification prior to the enactment of the new rules under Reg. X in compliance with Dodd-Frank. Saccameno's counsel was able to locate the case that resulted in this charge in Hammer. "Regulation X, however, altered the landscape of those obligations. For example, in response to a Notice of Error, a servicer must now conduct a "reasonable investigation." The addition of the word "reasonable" seemingly imposes a substantive obligation that is not satisfied by the mere procedural completion of some investigation followed by a written statement of reasons. Although the case law is sparse given

42

DM1\8344610.1

the relative novelty of these regulations, those courts interpreting Regulation X agree. *Wilson v. Bank of Am., N.A.*, 48 F. Supp. 3d 787, 804 (E.D. Pa. 2014)

In Hammer, Judge Durkin gave the instruction:

Under RESPA, it is irrelevant whether the servicer's understanding of the loan modification agreement is correct, so long as it is reasonable. Therefore, a reasonable explanation of the servicer's belief is sufficient, even if it is later determined that the belief is erroneous.

This charge was appropriate in Hammer because Hammer's loan medication came up before the Reg X changes were implemented. However, this did not apply to the investigation requirements under Reg X that were applicable in Hammer and here. Therefore, this language is inappropriate in this charge and conflicts with the law.

<u>**PARTIES' DISPUTED PROPOSED JURY INSTRUCTION NO. 20**</u>

**COUNT IV: REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA)
ELEMENT 4: DAMAGES**

*Plaintiff's Version (2 charges):*

**Saccameno Charge 65**

Saccameno must establish more than showing a RESPA violation to state a claim. Saccameno must also establish that she suffered actual damages proximately caused by the RESPA violation.

Under RESPA, the term "actual damages" includes economic and non-economic damages.

<u>Source</u>: *Hammer v. Residential Credit Sols., Inc.*, No. 13 C 6397, 2015 U.S. Dist. LEXIS 162636, at *86 (N.D. Ill. Dec. 3, 2015).

**Saccameno Charge 67**

If you find that Ocwen has violated RESPA, you may award damages only for injuries that Saccameno has proved by a preponderance of the evidence were caused by Ocwen's violation of RESPA. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that these damages are restricted to the actual loss of money; they include all aspects of Saccameno's injury, even if they are not easy to measure.

Saccameno claims damages for the following injuries resulting from the RESPA violation:

Any actual monetary losses or expenses resulting from the violation
The value of time lost
The value of earnings lost
The reasonable expense of necessary medical treatment including prescription costs
The emotional distress experienced
The loss of a normal life

When I use the expression "loss of a normal life", I mean the temporary or permanent diminished ability to enjoy life. This includes a person's inability to pursue the pleasurable aspects of life.

Whether any of these elements of damages has been proven by the evidence is for you to determine.

<u>Source</u>: *Jordan v. Dominick's Finer Foods*, 115 F. Supp. 3d 950, 955 (N.D. Ill. 2015), IPI 30.01(modified), IPI 30.07 (modified), IPI 30.06 (modified),IPI 30.05.01(modified), 30.04.02(modified).

DM1\8344610.1

***Defendants' Objection to Plaintiff's Version:***

Defendants object to Plaintiff's list of actual damages categories in Saccameno Charge 67, because Plaintiff lacks admissible evidence of such losses. *See* Defs.' Mot. in Limine to Preclude Evidence Regarding Actual Damages (ECF No. 185), Defs.' Mot. in Limine to Preclude Testimony Regarding Loss of Job (ECF No. 183), Defs.' Mot. to Exclude Testimony of Bernard Jay Patterson and Admission of His Report (ECF No. 175), Defs.' Mot. to Exclude Testimony of William J. Sarantos, M.D. (ECF No. 177), Defs.' Mot. to Exclude Evidence or Testimony From Fact Witnesses on Medical Causation (ECF No. 181). Additionally, Defendants further object to inclusion of "loss of a normal life" because Plaintiff has never disclosed "loss of a normal life" as damages in this case, and this instruction is used as an "alternative[]" to the Illinois Pattern Civil Jury Instruction on "Measure of Damages—Disability/Loss of a Normal Life", and no disability has been alleged in this case.  See Instruction 30.04.01 Measure of Damages—Disability/Loss of a Normal Life, Illinois Pattern Civil Jury Instructions.

***Defendants' Version:***

Saccameno must prove more than showing a RESPA violation to recover for such a claim.  Saccameno must also prove that she suffered damages proximately caused by the RESPA violation. Just because you find that Ocwen and U.S. Bank failed to do some act required under RESPA does not mean you are required to find that Saccameno was damaged.

If you find that Saccameno proved her RESPA claim, you must decide what damages, if any, to award.  Under RESPA, a plaintiff may recover "actual damages." "Actual damages" are those damages that result directly and proximately from the conduct which constituted the RESPA violation. No such other conduct should be considered. Actual damages must be proved with a reasonable certainty. Your award must be based on evidence and not speculation or guesswork.

Sources:  12 U.S.C. § 2605(f); *Golbeck v. Johnson Blumberg & Assocs., LLC*, No. 16-cv-6788, 2017 U.S. Dist. LEXIS 112493, at *36 (N.D. Ill. July 19, 2017) (citing *Renfroe v. Nationstar Mortg., LLC*, 822 F.3d 1241, 1247 (11th Cir. 2016); *Maxwell v. Fairbanks Capital Corp.  (In re Maxwell)*, 281 B.R. 101, 123 (Bankr. D. Mass. 2002)).

**Plaintiff's Objection**: Defendants' version includes language in the last sentence of the first paragraph that is confusing and conflicting and not a correct statement of the law. The second paragraph contains superfluous language that could be construed as limiting the jury's right to award damages in sentence 3, 4 and 5. This charge also fails to instruct on damages and apprise the jury that actual damages under RESPA includes both economic and non-economic damages making it an improper statement of the law.

45

## PARTIES' DISPUTED PROPOSED JURY INSTRUCTION NO. 21

**Plaintiff's Version:**

It is proper for a lawyer to meet with any witness in preparation for trial.

Source: 7th Circuit Pattern Instruction 1.16

**Becomes Agreed Charge 46**

**Defendants' Version:**

46

## PARTIES' DISPUTED PROPOSED JURY INSTRUCTION NO. 22

**Plaintiff's Version:**

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

Source: 7th Circuit Pattern Instruction 1.18

**Defendants' Version:**

***Defendants' Objection to Plaintiff's Version:***

Defendants object because this instruction ignores basic rules of evidence on hearsay.

## PARTIES' DISPUTED PROPOSED JURY INSTRUCTION NO. 23

**Plaintiff's Version:**

Pay close attention to the testimony as it is given. At the end of the trial you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult.

Source: Sample Introductory Charges, 7th Circuit Pattern Instructions at page 416, referencing the EIGHTH CIRCUIT MANUAL OF MODEL CIVIL JURY INSTRUCTIONS § 1.06 (Current version).

**Becomes Agreed Charge Number 47**

**Defendants' Version:**

## PARTIES' DISPUTED PROPOSED JURY INSTRUCTION NO. 24

**Plaintiff's Version:**

**50.05 Agent--Definition**

An agent is a person who, by agreement with another called the principal, represents the principal in dealings with third persons or transacts business, manages some affair or does some service for the principal, with or without compensation. The agreement may be oral or written, express or implied.

IPI 50.05 (modified by excluding bracketed paragraph)

**Defendants' Version:**

***Defendants' Objection to Plaintiff's Version:***

Defendants object to the use of this instruction other than for the two counts where Plaintiff has named both Ocwen and U.S. Bank. This instruction should be limited to Plaintiff's claim for Breach of Contract (Count I) and RESPA (Count IV).

## PARTIES' DISPUTED PROPOSED JURY INSTRUCTION NO. 25

**Plaintiff's Version:**

### 50.01 Both Principal And Agent Sued--No Issue As To Agency

The defendants are sued as principal and agent. The defendant U.S. Bank is the principal and the defendant Ocwen is its agent. If you find that the defendant Ocwen is liable, then you must find that the defendant U.S. Bank is also liable. However, if you find that Ocwen is not liable, then you must find that U.S. Bank is not liable.

IPI 50.01 (modified).

### Comment

A principal is bound by the acts of his agent committed or performed within the course and scope of the agency. The use of the instruction is not limited to tort cases but may also be used in various contract situations as appropriate. Hogan v. City of Chicago, 319 Ill.App. 531, 536; 49 N.E.2d 861, 863 (1st Dist.1943) (action for personal injuries); Fox River Distilling Co. v. Andrichik, 175 Ill.App. 305, 307 (2d Dist.1912) (action for balance due for goods sold).

***Defendants' Objection to Plaintiff's Version:***

Defendants object to the use of this instruction other than for the two counts where Plaintiff has named both Ocwen and U.S. Bank. This instruction should be limited to Plaintiff's claim for Breach of Contract (Count I) and RESPA (Count IV).

**Defendants' Version:**

## PARTIES' DISPUTED PROPOSED JURY INSTRUCTION NO. 26

**Plaintiff's Version:**

**50.03 Issues and Burden of Proof — Both Principal and Agent Sued—Agency Denied— Principal Sued Under Respondeat Superior Only**

Defendant U.S. Bank is sued as the principal and the defendant Ocwen as his agent. Plaintiff has the burden of proving that defendant Ocwen was the agent of defendant U.S. Bank and defendant Ocwen was acting within the scope of his/her authority as an agent of the defendant U.S. Bank at the time of the occurrence.

If you find that the defendant Ocwen was the agent of the defendant U.S. Bank and was acting within the scope of his authority at the time of the occurrence, and if you find Ocwen is liable, then both are liable.

If you find that Ocwen is not liable, then neither defendant is liable.

If you find that the defendant Ocwen is liable but was not acting as an agent of the defendant U.S. Bank or within the scope of his authority as an agent of the defendant U.S. Bank at the time of the occurrence, then the defendant U.S. Bank is not liable.

IPI 50.03 (Modified)

***Defendants' Objection to Plaintiff's Version:***

Defendants object to the use of this instruction other than for the two counts where Plaintiff has named both Ocwen and U.S. Bank. This instruction should be limited to Plaintiff's claim for Breach of Contract (Count I) and RESPA (Count IV).

**Defendants' Version:**

## PARTIES' DISPUTED PROPOSED JURY INSTRUCTION NO. 27

**Plaintiff's Version:**

### Respondeat Superior Liability (Breach of Contract)

Saccameno claims at all times relevant to her breach of contract claim that Ocwen was the agent of U.S. Bank and Ocwen was acting within the scope of its authority as agent of U.S. Bank.

Saccameno has the burden of proving that Ocwen was the agent of U.S. Bank and Ocwen was acting within the scope of its authority as an agent of U.S. Bank at all times relevant to her breach of contract claim.

If you find that Ocwen was the agent of U.S. Bank and was acting within the scope of its authority at the time any breach of contract occurred then you must find both Ocwen and U.S. Bank liable.

If you find that Ocwen is not liable, then neither defendant is liable unless you find that U.S. Bank, acting alone, breached the contract with Saccameno then only U.S. Bank is liable.

If you find that the defendant Ocwen is liable but was not acting as an agent of U.S. Bank or within the scope of its authority as an agent of U.S. Bank at the time of the breach of contract, then the defendant U.S. Bank is not liable.

IPI 50.03  (Modified)

**Defendants' Version:**

## PARTIES' DISPUTED PROPOSED JURY INSTRUCTION NO. 28

**Plaintiff's Version:**

Saccameno must prove demonstrable emotional distress in order to recover damages for emotional distress.  Saccameno cannot establish emotional distress damages based simply on conclusory statements regarding emotional damages.  Saccameno cannot recover for any emotional damages caused by her decision to bring this lawsuit. This instruction applies to all claims.

Source: Jury Charges used in *Hammer v. Residential Credit Sols., Inc.*, No. 13 C 6397, 2015 U.S. Dist. LEXIS 162636 (N.D. Ill. Dec. 3, 2015);

**Defendants' Version:**

***Defendants' Objection to Plaintiff's Version:***

Defendants object to Plaintiff's instruction on "damages for emotional distress", because Plaintiff lacks admissible evidence of such losses, and Plaintiff has failed to supply the required qualified expert testimony on medical causation. *See* Defs.' Mot. to Exclude Testimony of William J. Sarantos, M.D. (ECF No.  177), Defs.' Mot. to Exclude Evidence or Testimony From Fact Witnesses on Medical Causation (ECF No. 181).

## PARTIES' DISPUTED PROPOSED JURY INSTRUCTION NO. 29

**Plaintiff's Version:**

### COUNT II – Violation of the Fair Debt Collection Practices Act

Whether or not Saccameno owes the underlying debt alleged to be due is not a factor in this proceeding. Even if Saccameno does owe this obligation, by law Ocwen must comply in all respects with the Fair Debt Collection Practices Act. Therefore, you may not consider whether or not Saccameno owes the underlying debt when determining whether Ocwen violated the Fair Debt Collection Practices Act. The FDCPA protects consumers even if they owe the debt being collected.

*Baker v. G.C. Services Corp.*, 677 F.2d 775, 777 (9th Cir. 1982)

**Defendants' Version:**

***Defendants' Objection to Plaintiff's Version:***

Defendants object to Plaintiff's instruction because it is improper advocacy, and the agreed FDCPA charge follows the law in setting forth the elements required to establish a claim for violation of the FDCPA. Further, *Baker* (cited by Plaintiff) held that, even a debtor who admits to owing all amounts billed has standing to assert a FDCPA claim. Defendants have not challenged Plaintiff's standing to assert a FDCPA claim, and this instruction is therefore irrelevant and should not be given.

DM1\8344610.1

## PARTIES' DISPUTED PROPOSED JURY INSTRUCTION NO. 30

**Plaintiff's Version:**

### Count III Consumer Fraud Act Claims for Unfairness and Deception: Respondeat Superior Liability:

Saccameno claims at all times relevant to her Consumer Fraud Act claim that Ocwen was the agent of U.S. Bank and Ocwen was acting within the scope of its authority as agent of U.S. Bank.

Saccameno has the burden of proving that Ocwen was the agent of U.S. Bank and Ocwen was acting within the scope of its authority as an agent of U.S. Bank at all times relevant to her Consumer Fraud Act claim.

If you find that Ocwen was the agent of U.S. Bank and was acting within the scope of its authority at the time any unfair or deceptive act was committed then you must find both Ocwen and U.S. Bank liable.

If you find that Ocwen is not liable, then neither defendant is liable.

If you find that the defendant Ocwen is liable but was not acting as an agent of U.S. Bank or within the scope of its authority as an agent of U.S. Bank at the time of the occurrence, then the defendant U.S. Bank is not liable.

IPI 50.03  (Modified)

**Defendants' Version:**

*Defendants' Objection to Plaintiff's Version:*

Defendants object to Plaintiff's instruction on *respondeat superior* liability for her Consumer Fraud Act claim, because this claim is only asserted against Ocwen.  *See* Second Am. Compl., Count III (ECF No. 98).

DM1\8344610.1

**PARTIES' DISPUTED PROPOSED JURY INSTRUCTION NO. 31**

**Plaintiff's Version:**

**Count III Consumer Fraud Act Claim– Unfairness or Deception–
Standard for Awarding Compensatory Damages for Emotional Distress Damages**

The law has no fixed monetary standard to compensate for emotional distress damages. This element of damage is left to your good sound judgment and discretion as to what amount would reasonably and fairly compensate Saccameno for such as you find from the evidence Saccameno suffered.

Source: Jury Charges used in *Hammer v. Residential Credit Sols., Inc.*, No. 13 C 6397, 2015 U.S. Dist. LEXIS 162636 (N.D. Ill. Dec. 3, 2015); *Williams v. Pharmacia Inc.*, 956 F. Supp. 1457, 1469 (N.D. Ind. 1996)

**Defendants' Version:**

**_Defendants' Objection to Plaintiff's Version:_**

Defendants object to Plaintiff's instruction on "emotional distress damages" under the Consumer Fraud Act claim, because this is not an accurate statement of the law. Emotional damages alone do not constitute actual damages under the Illinois Consumer Fraud Act. *See Thrasher-Lyon v. Ill. Farmers Ins. Co.*, 861 F. Supp. 2d 898, 913 (N.D. Ill. 2012); *Aker v. Bureaus Inv. Group Portfolio No. 15 LLC*, 2014 WL 4815366, at *7 (N.D. Ill. Sept. 29, 2014). Defendants also object because Plaintiff lacks admissible evidence of emotional distress damages. *See* Defs.' Mot. *in Limine* to Preclude Evidence Regarding Actual Damages (ECF No. 185), Defs.' Mot. to Exclude Testimony of William J. Sarantos, M.D. (ECF No. 177), Defs.' Mot. to Exclude Evidence or Testimony From Fact Witnesses on Medical Causation (ECF No. 181).

DM1\8344610.1

## **PARTIES' DISPUTED PROPOSED JURY INSTRUCTION NO. 32**

**Plaintiff's Version:**

Any figures proposed by counsel in their arguments are not evidence as to the amounts of damages you should award, but rather constitute arguments, which you are free to disregard in your deliberations.

Source: Jury Charges used in *Hammer v. Residential Credit Sols., Inc.*, No. 13 C 6397, 2015 U.S. Dist. LEXIS 162636 (N.D. Ill. Dec. 3, 2015); *Evoy v. CRST Van Expedited, Inc.*, 430 F. Supp. 2d 775, 783 n.2 (N.D. Ill. 2006)

**Becomes Agreed Charge 48**

**Defendants' Version:**

DM1\8344610.1

## PARTIES' DISPUTED PROPOSED JURY INSTRUCTION NO. 33

**Plaintiff's Version:**

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as the telephone, a cell phone, smart phone, iPhone, Blackberry or computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations.

Source: Jury Charges used in *Hammer v. Residential Credit Sols., Inc.*, No. 13 C 6397, 2015 U.S. Dist. LEXIS 162636 (N.D. Ill. Dec. 3, 2015) Adapted from the Proposed Model Jury Instructions The Use of Electronic Technology to Conduct Research on or Communicate about a Case Prepared by the Judicial Conference Committee on Court Administration and Case Management June 2012

**Becomes Agreed Charge 49**

**Defendants' Version:**

## <u>CERTIFICATE OF SERVICE</u>

The Parties Certify that on December 29, 2017, they caused the foregoing Disputed Jury Instructions to be electronically filed with the Clerk of the U.S. District Court, using the Court's CM/ECF system, which will send electronic notification of the filing to those parties who have appeared and are registered as CM/ECF participants in this matter.  Parties may access this filing through the Court's CM/ECF system.

/s/  Nick Wooten

DM1\8344610.1