IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MONETTE E. SACCAMENO, ) | |
| ) | |
| Plaintiff, ) | Case No. 15 C 1164 |
| ) | |
| ) | Judge Joan B. Gottschall |
| v. ) | |
| ) | |
| OCWEN LOAN SERVICING, LLC, and ) | |
| U.S. BANK NATIONAL ASSOCIATION, ) | |
| as trustee for C-BASS MORTGAGE LOAN ) | |
| ASSET-BACKED CERTIFICATES, Series ) | |
| 2007 RP1, ) | |
| ) | |
| Defendants. ) | |

### RULING ON PARTIES' PROPOSED ADDITIONAL VOIR DIRE

Defendants are reminded to view the court's standard voir dire and opening remarks to the venire since questions 6, 8 and 9 are largely if not entirely covered by the court's questions. They are disallowed as repetitive.

Plaintiff's Proposed Additional Questions

The following questions are approved: 15, 16, 17, 18, 19, 20, 21, 22. Defendants' objections to 19-21 are overruled. Questions 19-21 are not excessively intrusive and seek information which could reveal a significant bias against the plaintiff's case.

Defendants' Proposed Voir Dire Questions

The following questions are approved: 1, 2, 3, 5, 7, 10, 11, 12, 13, 14, 15, 16, 19, 20, 21, 22, 23, 24 (a) and (b).

Question 4 is approved but only if the wording is changed from "that would prevent you from serving on this jury" to "that would make it difficult for you to serve on this jury." Many potential jurors say they are unable to serve, but whether they will be excused or not is within the court's discretion. This question, asked as defendants propose it, will likely cause a huge jury rebellion if some people who say they cannot serve are not excused.

Question 24 (parts c-n) asks questions of an extremely sensitive nature. The court will not permit questioning on these subjects in open court. One way to get at this information is for defendants to create a simple questionnaire which can be passed out to the venire ahead of time which asks these questions; in the court's judgment, this approach is unlikely to yield adequate, truthful information. Alternatively, the question can be rephrased in a less intrusive way (perhaps, "have you or anyone close to you ever experienced ….." and if the answer is yes and the potential juror indicates that he or she would prefer to discuss the matter privately, an opportunity for a private follow-up (with court, attorneys and clients) will be provided. Based on the court's experience selecting juries, it is likely that some jurors will be comfortable answering in open court, but they must be given the opportunity to answer privately if they prefer.

The following questions will not be allowed: 17 (lay people will not know these terms and the question will confuse and terrify them; 18 (same). It is the court's job to instruct the jury on the meaning of these terms, insofar as they are relevant. People need not come into the courtroom understanding these terms and indeed, if they did, we might have a more significant problem.

Date: March 16, 2018                         /s/
                                    Joan B. Gottschall
                                    United States District Judge