IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MONETTE E. SACCAMENO, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 15 C 1164 |
| | ) | |
| | ) | Judge Joan B. Gottschall |
| v. | ) | |
| | ) | |
| OCWEN LOAN SERVICING, LLC, and | ) | |
| U.S. BANK NATIONAL ASSOCIATION, | ) | |
| as trustee for C-BASS MORTGAGE LOAN | ) | |
| ASSET-BACKED CERTIFICATES, Series | ) | |
| 2007 RP1, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

In this order, the court addresses defendants' Motion in Limine to Preclude Evidence of

Plaintiff's Punitive Damages Request, ECF No. 187, and their Motion in Limine to Bifurcate the

Issue of Punitive Damages from Liability and Compensatory Damages, ECF No. 179. For the

reasons discussed below, both motions are denied.

1.      **Defendants' Motion in Limine to Preclude Evidence Concerning Plaintiff's Punitive Damages Request**

In this motion, defendants seek to preclude Saccameno from introducing evidence of

punitive damages in connection with her claim under the Illinois Consumer Fraud and Deceptive

Business Practices Act ("ICFA"), 810 ILCS 505/1 *et seq*. As relevant here, to obtain punitive

damages for violations of the ICFA, a plaintiff must show that the defendant has "act[ed]

maliciously or with deliberate indifference." *Wendorf v. Landers*, 755 F. Supp. 2d 972, 981

(N.D. Ill. 2010). Defendants maintain that the record in this case contains no admissible evidence

supporting the conclusion that its conduct rises to this level. The court previously rejected this

argument, both in denying defendants' motion for summary judgment, *see* S*accameno v. Ocwen Loan Servicing, LLC*, No. 15 C 1164, 2017 WL 5171199, at *7 (N.D. Ill. Nov. 8, 2017), and in denying their subsequent motion to reconsider, *see Saccameno v. Ocwen Loan Servicing, LLC*, No. 15 C 1164, 2018 WL 1240347, at *7-9 (N.D. Ill. Mar. 9, 2018). Defendants also argue that Saccameno has presented no admissible evidence of actual damages, and that, as a result, she may not recover punitive damages on her ICFA claim. The contention that Saccameno has presented no admissible evidence of actual damages was likewise rejected in the court's denial of defendants' summary judgment motion, *see Saccameno*, 2017 WL 5171199, at *2-5, and its denial of defendants' motion to reconsider, *Saccameno*, 2018 WL 1240347, at *4-7.

Given the court's prior rejection of the premises on which defendants' motion is based, the motion is denied.

**2.      Motion to Bifurcate**

Defendants have also moved pursuant to Federal Rule of Civil Procedure 42 to bifurcate the trial into two phases, the first addressing the questions of liability and compensatory damages, the second addressing punitive damages.[1] Further, defendants seek to confine to the punitive damages phase evidence of regulatory actions and other lawsuits that have been brought against defendants.[2]

---

[1] The parties' briefing on this motion concentrates on Saccameno's request for punitive damages in connection with her ICFA claim.

[2] Defendants also seek to limit to the punitive damages phase evidence concerning their net worth. The court will address the admissibility of evidence regarding the defendants' net worth at the pretrial conference. The court notes that defendants have filed separate motions in limine seeking to bar evidence of the regulatory actions and other lawsuits. The court will address these motions in separate orders. If this evidence is deemed inadmissible, there is no danger of prejudice and presumably no need to bifurcate the proceedings. Solely for purposes of this motion, the court assumes, without deciding, that the evidence is admissible.

Rule 42 provides: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial." Fed. R. Civ. P. 42. "The party seeking bifurcation has the burden to show that it is warranted in that particular case." *Challenge Aspen v. King World Prods. Corp.*, No. 00 C 6868, 2001 WL 1403001, at *1 (N.D. Ill. Nov. 9, 2001) (quotation marks omitted).

Defendants have failed to show that bifurcation is warranted in this case. They first contend that bifurcation will promote efficiency because, given what they claim is the lack of evidence showing that Saccameno suffered pecuniary harm (which is necessary to state a claim under the ICFA), the jury will likely find that they are not liable, thereby making it unnecessary to consider the issue of punitive damages. The court reiterates once again that Saccameno has presented sufficient evidence from which a jury could conclude that she suffered pecuniary harm and that she has therefore adduced sufficient evidence on the basis of which defendants may be held liable under the ICFA. The court will not offer any prognostications regarding the likelihood that the jury will in fact reach such a conclusion. Such speculation is a patently unsound basis for bifurcating the proceedings.

Nor is it clear whether it is possible, for purposes of an ICFA claim, meaningfully to distinguish between evidence relevant to liability and evidence relevant to punitive damages. As Saccameno argues, to prevail on a claim under the ICFA, she must show that: "(1) a deceptive act or unfair practice occurred, (2) the defendant intended for plaintiff to rely on the deception, (3) the deception occurred in the course of conduct involving trade or commerce, (4) the plaintiff sustained actual damages, and (5) such damages were proximately caused by the defendant's deception." *Armbrister v. Pushpin Holdings, LLC*, 896 F. Supp. 2d 746, 754 (N.D. Ill. 2012). To

prove "unfairness" for purposes of the ICFA, it is necessary to consider "three factors: '(1) whether the practice offends public policy; (2) whether it is immoral, unethical, oppressive, or unscrupulous; [or] (3) whether it causes substantial injury to consumers.'" *Newman v. Metro. Life Ins. Co.*, No. 17-1844, 2018 WL 732912, at *5 (7th Cir. Feb. 6, 2018) (quoting *Robinson v. Toyota Motor Credit Corp.*, 775 N.E.2d 951, 961 (2002)). However, to obtain punitive damages under the ICFA, a plaintiff similarly must show that the defendant engaged in "unfair conduct" or acted "maliciously or with deliberate indifference." *Wendorf v. Landers*, 755 F. Supp. 2d 972, 981 (N.D. Ill. 2010). As a practical matter, if not a conceptual one, it is difficult to envision how evidence that defendants' loan-servicing practices are "immoral, unethical, oppressive, or unscrupulous" can be separated from the evidence necessary to show that defendants engaged in "unfair conduct" or acted "maliciously or with deliberate indifference."

Defendants argue that they will suffer "major prejudice" if evidence relevant only to punitive damages is presented before the jury's determination of liability and compensatory damages. But forbidding plaintiff from using evidence of the regulatory actions and other lawsuits until the punitive damages phase would be prejudicial to her since, as discussed above, she intends to use that evidence during the liability phase of the trial.

However, while the court denies defendants' motion to bifurcate, the court accepts the parties' proposal to sever Saccameno's bankruptcy discharge injunction claim from her other claims and to give Saccameno the option of seeking a bench trial on the discharge claim following a jury trial on the other claims. *See* ECF No. 193.

## Conclusion

For the reasons discussed above, the court denies defendants' Motion in Limine to Preclude Evidence of Plaintiff's Punitive Damages Request, ECF No. 187, and defendants'

5

Motion in Limine to Bifurcate the Issue of Punitive Damages from Liability and Compensatory

Damages, ECF No. 179.


Date: March 20, 2018                                    /s/
                                              Joan B. Gottschall
                                         United States District Judge