IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MONETTE E. SACCAMENO, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 15 C 1164 |
| | ) | |
| | ) | Judge Joan B. Gottschall |
| v. | ) | |
| | ) | |
| OCWEN LOAN SERVICING, LLC, and | ) | |
| U.S. BANK NATIONAL ASSOCIATION, | ) | |
| as trustee for C-BASS MORTGAGE LOAN | ) | |
| ASSET-BACKED CERTIFICATES, Series | ) | |
| 2007 RP1, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the court is defendants' Motion in Limine to Preclude Evidence Regarding Actual Damages. In large measure, this motion reasserts arguments already addressed in defendants' motion for summary judgment and motion to reconsider. The court will not revisit those arguments here. However, the motion advances one new argument for excluding Saccameno's evidence of actual damages—namely, that Saccameno violated Federal Rule of Civil Procedure 26(a)(1) by failing to produce expert testimony in support of certain damages claimed in her pretrial disclosures. In addition to addressing this argument, the court discusses each of Saccameno's remaining claims for actual damages and summarizes those she is entitled to seek at trial.

**1.    Rule 26(a)(1)**

Rule 26(a)(1) provides (subject to exceptions not applicable here) that "a party must, without awaiting a discovery request, provide to the other parties … a computation of each

category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material … on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(A)(iii). Under Rule 26(e)(1)(A), parties are required to update these disclosures. The sanction for failing to comply with Rule 26's disclosure requirements is set forth in Rule 37(c): "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Defendants argue that Saccameno has failed to comply with Rule 26(a)(1) by failing to produce expert testimony in support of certain damages claimed in her disclosures. Saccameno's Rule 26(a)(1) disclosures state the following with regard to the damages she seeks in the litigation:

> Damages are uncertain and subject to expert testimony.
>
> (a) **Illegal charges, fees, and costs assessed to the loan**: Unknown. Will depend on the findings from the forensic examination of the mortgage accounting.
> (b) **Loss of equity in real property**: Uncertain, subject to expert testimony.
> (c) **Damage to Credit**: Loss of personal credit, subject to expert testimony.
> (d) **Loss of opportunities to pursue other loss mitigation strategies**: Uncertain, subject to expert testimony. Plaintiff cannot monetize general unliquidated compensatory damages.
> (e) **Emotional Distress, Psychological Damages, Pain and Suffering, Loss of Sleep**: Plaintiff cannot monetize general unliquidated compensatory damages. That is the responsibility of the trier of fact. Plaintiff believes that the witnesses at trial will testify that Plaintiff's mental anguish, anxiety, depression, and pain and suffering were brought on by the stress, worry, and fear experienced by Plaintiff while she lived with the fear that Defendant's conduct would result in the loss of her home.

Pl.'s 2d Am. Rule 26(a)(1) Disclosures, ECF No. 185-1.

Defendants contend that in these disclosures, Saccameno indicated that she would provide expert testimony for each of these categories of damages. They claim that Saccameno has failed to produce any such evidence, and that as a result, she should be barred from offering any testimony regarding these damages.

This argument is problematic for several reasons. To begin with, even assuming that Saccameno violated Rule 26 by failing to present expert testimony in support of her claims for these damages, the appropriate sanction under Rule 37(c) would be to exclude the evidence she has failed to produce—not, as defendants appear to request, to forbid Saccameno from presenting *any* testimony at all in support of these damages.

Second, Saccameno claims that defendants have misread her disclosures. In particular, she asserts that it was with respect only to categories (b), (c), and (d)—loss of equity in real property, damage to credit, and loss of opportunities to pursue mitigation strategies, respectively—that she promised to provide expert testimony. Thus, she argues, she did not violate Rule 26(a) by failing to provide expert testimony in support of categories (a) and (e). Saccameno concedes that she has presented no expert testimony in support of categories (b), (c), and (d); however, she now says that she has abandoned her claims for these damages.

The court agrees with Saccameno's reading of her disclosures. Although her list of damages is prefaced by the statement that "[d]amages are uncertain and subject to expert testimony," expert testimony is specifically mentioned in categories (b), (c), and (d), but not in (a) and (e). Taken as a whole, therefore, the disclosures can be naturally read as indicating that Saccameno did not intend to present expert testimony for categories (a) and (e). It follows that Saccameno did not violate Rule 26 in failing to provide expert testimony in support of these categories of damages.

True, category (a) says that the damages sought for "[i]llegal charges, fees, and costs assessed to the loan …. [w]ill depend on the findings from the forensic examination of the mortgage accounting." The forensic examination was performed by Bernard Jay Patterson ("Patterson"), whom Saccameno has offered as an expert witness. However, Saccameno has made clear that Patterson is not a damages expert. Pl.'s Resp. Br. at 2, ECF No. 210. Rather, he was tasked solely with identifying discrepancies and irregularities in Ocwen's servicing of Saccameno's loan. It was left to Saccameno to "convert[ Patterson's] findings into claims of economic damages." Pl.'s Resp. Br. at 3. Thus, the reference to a "forensic examination" in category (a) does not suggest that Saccameno intended to present expert testimony as to the evidence listed in that category.

In short, the court does not agree that Saccameno violated Rule 26 by failing to present expert evidence in support of the damages listed in categories (a) and (e) of her disclosures; and while Saccameno may have violated the rule by failing to present expert evidence in support of the damages in categories (b), (c), and (d), her abandonment of those damages renders the violation moot.

**2.      Damages Based on Patterson's Report**

However, Saccameno's representations regarding the purpose of Patterson's testimony raise other problems for the damages she seeks under category (a). In the pretrial order, Saccameno includes the following among the damages she seeks:

1. $1130.72 applied improperly to escrow.

2. $780.00 post-petition fees charged by Ocwen and paid by Ocwen from Saccameno's post-petition payments.

3. $275.63 in post-petition funds to pre-petition fees (proof of claim items).

4

4. $7,551.32 in post-petition payments to suspense/unapplied funds.[1]

5. $1,182.87 more than what was owed under the proof of claim and post-petition payments prior to Ocwen refusing to accept tendered payments.

6. $2,480.87 in corporate advances claimed to be owed by Ocwen.

7. Ocwen rejected 17 monthly payments from Saccameno after the discharge and before this lawsuit was filed which Ocwen still holds Saccameno responsible for in an approximate amount of $28,615.93.

8. Ocwen's demand for $3,366.58 in letter Ocwen dated August 14, 2013 in response to Saccameno's Qualified Written Request that demonstrates Ocwen sought payment for at least two months of payments that Saccameno had already paid.

9. Demand from Ocwen for an unexplained difference of $4,589.92 which Saccameno would have had to pay to "reinstate" her loan on January 19, 2015.

PTO at 8-9 (numbering modified).

These items are based on alleged accounting discrepancies identified in Patterson's expert report. As already noted, however, Saccameno insists that Patterson was not offered as a damages expert, and Patterson did not offer damages testimony. During his deposition, Patterson reaffirmed this point, stating that he had been retained only to render an opinion regarding

---

[1] As defendants acknowledge, this line item—the application of $7,551.32 in post-petition payments to suspense/unapplied funds—is the only one with respect to which Patterson testified that Saccameno had in fact been harmed. *See* Patterson Report at 21; PTO at 8. But Patterson did not testify that Saccameno suffered any *economic* harm as a result of the misapplication. Rather, he stated that if the payments had not been applied to suspense/unapplied funds, Saccameno's account would have reflected a current status at the time she received her discharge. As a result, he stated, the miscoding of Saccameno's discharge as a dismissal should not have led to any difficulties because she would not have owed any outstanding amounts in any case. In other words, the harm resulting from the misapplication of the $7,551.32 was not the loss of any money but the fact that it constituted a link in the chain of events forming the basis for this lawsuit. *See* Patterson Dep. at 94:19-95:8 ("Q. So based on your earlier testimony about, you know, the possible harm to the plaintiff, you have no opinions regarding whether or not this application of the 7,551 to suspense harmed her in any way, correct? A. Well, no. I mean, I'm really a little confused on the -- whether it's harmed or not because the 7,551 in suspense at the end of the bankruptcy should not have been in suspense. It caused one of the problems with the loan being so delinquent when the bankruptcy was at discharge, when she actually made all the payments, so that's the harm I'm talking about.").

5

Ocwen's loan servicing practices in this case, not to opine as to whether Saccameno had been harmed by any deficiencies in these practices. *See, e.g.*, Patterson Dep. at 78:15-21 ("Q. Well, [the overpayment is] relevant, but it did not harm her in any way given that those funds were applied to the loan. A. I don't know either way if they harmed her or not. Q. So you have no opinions on that. A. That's correct."). According to Saccameno, Patterson's findings were merely a basis upon which she could assert various claims for damages. The problem is that Saccameno has not explained how any of the amounts listed above constitutes any economic harm to her. For example, the mere fact that Ocwen may have applied post-petition funds to pre-petition fees does not mean that Saccameno suffered any monetary loss as a result. Similarly, the fact that Ocwen improperly demanded payment of certain amounts from Saccameno does not mean that she was harmed economically unless she actually paid the amounts in question; but Saccameno is silent regarding whether she made the payments.

The upshot of this is that, regardless of whether Saccameno failed to comply with Rule 26(a)(1) by failing to disclose expert testimony in support of the damages included under category (a), Saccameno will not be permitted to seek the economic damages discussed in this section based on Patterson's testimony.

### 3. Other Damages Listed in the Pretrial Order

The pretrial order includes five categories of damages in addition to those discussed above. Two of these—Saccameno's alleged loss of income due to her firing and her alleged out-of-pocket costs for prescription medications—have been discussed in the court's previous opinions, which have held that Saccameno is entitled to present testimonial evidence in support of these damages.

The remaining three categories have been given relatively short shrift in the parties' briefing. They consist of: (1) Saccameno's payment of $4,420 to the Sulaiman Law Group "to investigate Saccameno's loan situation with Ocwen and determine an appropriate course of action"; (2) "[t]ime spent by Saccameno in an effort to resolve her dispute with Ocwen"; and (3) postage expenses Saccameno incurred for certified mailings to the Credit Bureaus regarding her Ocwen mortgage account. *See* PTO at 9.

Defendants dispute that the first two categories are recoverable in this case. They acknowledge case authority for the proposition that time and money spent defending debt-collection suits may constitute actual damages for purposes of the ICFA. *See, e.g.*, *Armbrister v. Pushpin Holdings, LLC*, 896 F. Supp. 2d 746, 756 (N.D. Ill. 2012) ("'[T]ime and money' spent defending debt collection lawsuits can be an actual injury under ICFA."). However, they contend that Saccameno's expenses were incurred merely in investigating possible courses of action in response to Ocwen's foreclosure letters, not in defending a debt-collection suit. Defendants have provided the court with no case law, policy rationale, or other basis that would justify so limiting recovery under the ICFA for expenditures of time and money. The court sees no reason why recovery should not also be available when time and money is spent in responding to debt-collection efforts that fall short of full-blown litigation. Accordingly, the court holds that Saccameno may seek recovery of the sum she paid to the Sulaiman Law Group and for the time she spent attempting to resolve her dispute with Ocwen. In addition, the court finds no basis for precluding Saccameno from seeking recovery for the postage expenses she has identified.

**Conclusion**

For the reasons stated above, defendants' Motion in Limine to Preclude Evidence Regarding Actual Damages [ECF No. 185] is denied. By way of summary, the court's conclusions regarding Saccameno's claims for actual damages are as follows:

(1) Saccameno may seek recovery for her alleged loss of employment and her alleged out-of-pocket prescription costs (items 7 and 12 on the pretrial order's itemized list of damages).

(2) Saccameno also may seek to recover: (a) the sums she paid to the Sulaiman Law Group; (b) for the time she spent trying to resolve her dispute with Ocwen; and (c) for the postage expenses she has identified (items 11, 13, and 14 on the pretrial order's itemized list of damages).

(3) Saccameno may not seek recovery for the "damages" listed on pages 4-5, *supra*, based on Patterson's testimony regarding Ocwen's alleged misapplication of funds, demands for payment, etc. (items 1-6 and 8-10 on the pretrial order's itemized list of damages).

Date: March 21, 2018

/s/
Joan B. Gottschall
United States District Judge