```
                    IN THE UNITED STATES DISTRICT COURT
                   FOR THE NORTHERN DISTRICT OF ILLINOIS
                              EASTERN DIVISION

MONETTE SACCAMENO                    )    Docket No. 15 C 01164
                                     )
              Plaintiff,             )    Chicago, Illinois
                                     )    April 11, 2018
         v.                          )    2:49 p.m.
                                     )
OCWEN LOAN SERVICING, LLC, and       )
U.S. BANK NATIONAL ASSOCIATION,      )
as trustee for C-BASS MORTGAGE       )
LOAN ASSET-BACKED CERTIFICATES,      )
Series 2007 RPI,                     )
                                     )
              Defendants.            )

                            VOLUME 7
                 TRANSCRIPT OF PROCEEDINGS - Trial
         BEFORE THE HONORABLE JOAN B. GOTTSCHALL, and a Jury

APPEARANCES:

For the Plaintiff:    NICK WOOTEN, LLC, by
                      MR. NICK WOOTEN
                      4935 Bay Hill Drive
                      Conway, AR 72034

                      SULAIMAN LAW GROUP, LTD., by
                      MR. MOHAMMED O. BADWAN
                      MR. ROSS M. ZAMBON
                      2500 South Highland Avenue
                      Suite 200
                      Lombard, IL60148

For the Defendants:   DUANE MORRIS, LLP, by
                      MR. ALEXANDER D. BONO
                      MS. LYNNE E. EVANS
                      MS. KELLY K. HUFF
                      30 South 17th Street
                      Philadelphia, PA 19103

Court Reporter:       LISA H. BREITER, CSR, RMR, CRR
                      Official Court Reporter
                      219 S. Dearborn Street, Room 1854B
                      Chicago, IL 60604
                      (312) 818-6683
                      lisa_breiter@ilnd.uscourts.gov
```

1       (In open court outside the presence of the jury.)

2       THE COURT:  The jury has reached a verdict signed by
3  Robert H. Ward, is it?

4       MR. BONO:  Ward.

5       THE COURT:  Ward at 2:28 p.m.  So can we get the jury?
6  No questions.  They were here before 9:30.  They've just been
7  working.

8       Does either side want the jury polled if the verdict
9  is adverse?

10      MR. WOOTEN:  Plaintiff does not, your Honor.

11      MR. BONO:  Your Honor, they're signing, so I don't
12 know that polling really gives us anything extra.

13      THE COURT:  But it keeps me from getting screamed at
14 and reversed by the Court of Appeals if you want it.

15      MR. BONO:  I'm glad to have it polled after we win
16 so...

17      THE COURT:  Okay.  But if you lose, you don't care?

18      MR. BONO:  We can poll them, your Honor, yes.  Let's
19 poll.

20      THE COURT:  You want them polled, okay.  No, I don't
21 do it because I love to do it, but you have the right to
22 request it.

23    (Jury enters courtroom at 2:51 p.m.)

24      THE COURT:  Please be seated, everyone.
25 Mr. Foreperson, has the jury reached a verdict.

1       JUROR WARD: Yes, the jury's reached a verdict.
2       THE COURT: Could you please hand it to the marshal.
3    (Document tendered to the Court.)
4       THE COURT: Thank you very much. What's going to
5  happen is I am going to read -- you can be seated. I'm going
6  to read this verdict. And after I read the verdict, there may
7  be some follow-up questions, but let's see what -- so it's
8  important -- I may have to ask you if I read it correctly
9  basically with the question is this -- "Was this and is this
10 now your verdict?"
11      I may or may not have to, but if I do, it's just
12 important for you to make sure that I've read the verdict
13 correctly.
14      Verdict. We, the jury, return the following verdict:
15 One, on the breach of contract claim, Count 1, do you find for
16 plaintiff or for defendants?
17      The jury has indicated plaintiff.
18      Count 2 or paragraph 2. On the Federal Debt
19 Collection Practice Act, FDCPA claim, Count 2, do you find for
20 plaintiff or for defendant Ocwen?
21      Jury has indicated for plaintiff.
22      Three. On the Real Estate Settlement and Procedures
23 Act, RESPA claim, Count 4, do you find for plaintiff or for
24 defendant Ocwen?
25      The jury indicates for plaintiff.

1          Then it says if you found for plaintiff on Counts 1, 2
2  or 4, then you may award actual damages.  Question 4, what
3  amount do you award in actual damages?
4          The jury has indicated $500,000.
5          Five, on the Illinois Consumer Fraud and Deceptive
6  Business Practices Act claim, ICFA, Count 3, do you find for
7  plaintiff or for defendants?
8          Jury has indicated for plaintiff.  Then it says no.
9          Only answer question 5A if you found for plaintiff on
10 question 5.  5A, do you find that plaintiff sustained an
11 economic loss because of the ICFA violation?
12         The jury has indicated yes.
13         5B, if yes, what amount of damages do you award for
14 economic loss?
15         The jury has indicated $12,000.
16         Note:  Only answer question 5C if you answered "yes"
17 on question 5A.
18         5C, do you find that plaintiff sustained a
19 non-economic loss because of the ICFA violation?  The jury has
20 indicated yes.
21         5D, if yes, what amount of damages do you award for
22 non-economic loss?
23         The jury has indicated $70,000.
24         Note:  Only answer question 5E if you found "yes" on
25 question 5A.

1          5E, do you award punitive damages?  The jury has
2   indicated yes.
3          5F, if yes, what amount of punitive damages?
4          The jury has indicated $3 million.
5          The verdict form is signed by the foreperson and
6   signed by all members of the jury and properly dated.
7          Now, the question I'm going to ask of each of you,
8   ladies and gentlemen, is "Was this and is this now your
9   verdict?"
10         What that means is was this the verdict you reached in
11  the jury room, and is this your verdict.  So I must ask each of
12  you this question individually, and I'll begin with
13  Mr. Drougas, was this and is this now your verdict?
14         JUROR DROUGAS:  Yes.
15         THE COURT:  Mr. Fleurisca.
16         JUROR FLEURISCA:  Yes.
17         THE COURT:  Was this and is this now your verdict?
18         Ms. Ingram, was this and is this now your verdict?
19         JUROR INGRAM:  Yes.
20         THE COURT:  Mr. Jackson, was this and is this now your
21  verdict?
22         JUROR JACKSON:  Yes, ma'am.
23         THE COURT:  Ms. Jimenez, was this and is this now your
24  verdict?
25         JUROR JIMENEZ:  Yes.

```
 1            THE COURT:  Ms. Petracek, was this and is this now
 2   your verdict?
 3            JUROR PETRACEK:  Yes.
 4            THE COURT:  Ms. Poremba, was this and is this now your
 5   verdict?
 6            JUROR POREMBA:  Yes.
 7            THE COURT:  Ms. Rudich, was this and is this now your
 8   verdict?
 9            MS. RUDICH:  Yes.
10            THE COURT:  Ms. Simmons, was this and is this now your
11   verdict?
12            JUROR SIMMONS:  Yes.
13            THE COURT:  Ms. Sulekic -- is it Sulekic?
14            JUROR SULEKIC:  Sulekic.
15            THE COURT:  Sulekic.  Was this and is this now your
16   verdict?
17            JUROR FLEURISCA:  Yes.
18            THE COURT:  Mr. Ward, was this and is this now your
19   verdict?
20            JUROR WARD:  Yes.
21            THE COURT:  And Ms. Yoches, was this and is this now
22   your verdict?
23            JUROR YOCHES:  Yes.
24            THE COURT:  And so say you all?
25            THE JURORS:  Yes.
```

1        THE COURT: That asks for all of you to respond.
2        THE JURORS: Yes.
3        THE COURT: Ladies and gentlemen, thank you for your
4    service. You have been a very attentive and I must say
5    non-complaining jury, which I really appreciate.
6        You are now discharged from this case. You are free
7    to talk about the case as much or as little as you want. I
8    have some cards which I left in my office which I'm going to
9    get for you. They are from a jury study project at New York
10   University, and they asked me to distribute the cards to
11   members of juries.
12       And then if you want to participate in whatever
13   they're doing, they're trying to collect some information about
14   what people like and don't like about serving on juries.
15   There's a website you can go to if you're interested in that.
16   If you don't want to, you don't have to.
17       If anybody wants to talk to you about this case or
18   tries to talk to you about this case and you do not want to
19   talk to them, please feel free to call the court, the jury
20   department or to call me or my office, and we will try to
21   intervene for you. But I doubt that that's going to happen,
22   but just so you know that help is there if you need it.
23       But as I say, it's entirely up to you from now on.
24   You are discharged. If you have a few minutes, I'd like to
25   come back and greet you all in the jury room.

1    If you need to leave, you are free to leave, and you
2    should feel that you can do that whenever you want to do it.
3    But if you give me just five minutes or so to finish a few
4    things I have to deal with in court, I will come back and talk
5    to you personally.
6         Again, thank you so much of your service on behalf of
7    the court system.
8         THE MARSHAL:  All rise.
9      (Jury exits courtroom at 2:57 p.m.)
10         THE COURT:  Okay.  Anybody need any scheduling time
11   anything?  Motions?  I'm not sure I have any power to change
12   the deadlines in the rules, but anybody, anything?
13         MR. BONO:  No, your Honor.
14         THE COURT:  Okay.  All right.
15         MR. BONO:  Your Honor, I like to talk to jurors after
16   they're released, and I don't think there's a local rule here.
17   Some courts don't allow it.
18         THE COURT:  No, you know what I --
19         MR. BONO:  When you meet with them, share with them
20   that I like to talk to the jurors just to find out things about
21   how the trial went.
22         THE COURT:  Yes.  What I will do --
23         MR. BONO:  They don't have to, but --
24         THE COURT:  No, I will --
25         MR. BONO:  -- if they're interested, I would love it.

1  THE COURT: What I will do is go back there and I will
2  ask them if they are agreeable, okay. And if they are, I will
3  come back and get you. I'd like to talk to them for a few
4  minutes myself, five or so, but then I'll come back and let you
5  know. I don't know, Mr. Wooten, if you have any interest.
6  MR. WOOTEN: My only position on that, your Honor, is
7  Judge Durkin allows that too, in Ms. Hammer's case that we
8  tried with him.
9  But what he did was impose a rule on both sides that
10 nothing that was said to them could be used to try to impeach
11 the verdict.
12 THE COURT: Well, yes, that is the rule, but I'm also
13 going to be telling the jury in the first five minutes that if
14 they do want to talk to the attorneys, they should not talk
15 about how they reached their decision.
16 MR. WOOTEN: Sure.
17 THE COURT: Okay? All right.
18 MR. WOOTEN: I'd love to talk to them, your Honor.
19 THE COURT: Okay.
20 MR. BONO: We'll be here. We got some things to put
21 together.
22 THE COURT: Give me five or ten minutes to talk to
23 them myself and then I will -- what I'll do is any of them who
24 don't want to talk, I'll let them go, and the rest of them,
25 they'll wait and be there to talk to you, okay?

1      MR. WOOTEN:  Thank you, your Honor.

2      THE COURT:  These are the NYU Civil Jury Project, and

3 that's what I'm going to hand out to them.

4      (Concluded at 3:00 p.m.)

5                * * * * * * * * *

6                C E R T I F I C A T E

7      I certify that the foregoing is a correct transcript of the

8 record of proceedings in the above-entitled matter.

9

10 */s/ LISA H. BREITER*                    *April 12,* 2018
   LISA H. BREITER, CSR, RMR, CRR
11 Official Court Reporter