## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |
|---|---|
| MONETTE E. SACCAMENO, | : |
| Plaintiff, | : Case No. 1:15-cv-1164 |
| v. | : Hon. Joan B. Gottschall |
| OCWEN LOAN SERVICING, LLC, and U.S. BANK NATIONAL ASSOCIATION, *as trustee for* C-Bass Mortgage Loan Asset-Backed Certificates, Series 2007 RP1, | : |
| Defendants. | : |

### PLAINTIFF'S BRIEF ON THE POST JUDGMENT INTEREST ISSUE

Plaintiff Monette E. Saccameno files herewith her very concise argument regarding the right to post-judgment interest and the time from which the interest should be calculated, as follows:

The first question presented is whether Monette Saccameno is entitled to post judgment interest on the jury verdict in her favor. The answer to this question is indisputably yes. "Civil litigants who win money judgments in district courts are entitled to *post* judgment interest. This much is guaranteed them by statute, 28 U.S.C. § 1961(a)." *Pace Commc'ns, Inc. v. Moonlight Design, Inc.*, 31 F.3d 587, 591 (7th Cir. 1994). "We note, however, that post judgment interest is awarded by automatic statutory provision." *Id.*

Since Saccameno is entitled to post judgment interest, the next question is "when does post judgment interest begin to accrue?" This question, alas, is less

clear. The district court case of *Moran Foods, Inc. v. Mid-Atl. Mkt. Dev. Co., LLC,* 500 F. Supp. 2d 1079, 1080 (N.D. Ind. 2007) seems to provide relevant guidance here. At issue in *Moran* was the date in which prejudgment interest ceased and post judgment interest began to accrue.

*Moran* identified guidance from the Supreme Court that seemed to create some confusion. The Supreme Court case is *Kaiser Aluminum & Chemical Corp. v. Bonjorno,* 494 U.S. 827, 835, 110 S.Ct. 1570, 108 L.Ed.2d 842 (1990). *Kaiser* first decided that post judgment interest accrued from the date of judgment and not from the date of the verdict in the case.

The second issue in *Kaiser* turned on the date of judgment in the underlying case. *Bonjorno* argued to the Supreme Court that post judgment interest accrued from August 22, 1979. However, the trial court had vacated that judgment as not supported by the evidence. The *Kaiser* Court explained "[w]here the judgment on damages was not supported by the evidence, the damages have not been "ascertained" in any meaningful way." *Id.* 836. In support of this principle, the Court pointed to the decision in *FDIC v. Rocket Oil Co.,* 865 F.2d 1158 (CA10 1989) for the proposition that post judgment interest may not be calculated from a judgment that was completely reversed. *Id. Rocket Oil* expounds on this notion holding "[t]his court concluded that the reversal in that case "was not on any basic liability errors or errors in procedure which affected the basic issues but only on a dollar value, a matter of degree." *Id.* at 737. The court, therefore, held that the post

2

judgment interest should commence on the initial entry by the trial court." *Fed. Deposit Ins. Corp. v. Rocket Oil Co.*, 865 F.2d 1158, 1161 (10th Cir. 1989).

Back to *Moran,* the court there surveyed the various circuits and found general agreement with the premise from *Kaiser* and *Rocket Oil* explained above. This *Moran* court found this premise from the Eleventh Circuit proper:

> Where the initial judgment is supported by the evidence and the later judgment merely reflects a remittitur of a certain portion of that judgment as excessive, the courts of appeals have routinely decided that damages were sufficiently 'ascertained' at the time of the first judgment and that post-judgment interest should run from the date of the original judgment. *Johansen v. Combustion Engineering, Inc.,* 170 F.3d 1320, 1339–1340 (11th Cir.1999).

*Moran* at 1083 (2007).

The present situation conforms directly to this fact pattern from *Moran.* Saccameno did not lose on a single factual point at trial, during post-trial motions or on appeal. In the lexicon of pop culture, Saccameno's case had been a literal "curb stomping" of Ocwen right up until the Seventh Circuit panel decided to usurp the jury's role as judges of the damages in violation of the Reexamination Clause of the Seventh Amendment. The panel's decision clearly represents a disagreement as to the amount and not the merits of punishment.

## CONCLUSION

While the case law is not completely clear, there does appear to be a consensus in the various circuit opinions as set out in *Moran.* This consensus view clearly seems to indicate that post judgment interest is proper from the date that

3

this court first entered its judgment. Saccameno requests the court order post judgment interest from the date of the original judgment.

Dated: February 14, 2020.

Respectfully submitted,

*/s/ Nick Wooten*
Nick Wooten
Nick Wooten, LLC
5125 Burnt Pine Drive
Conway, Ar. 72034
(833) 937-6389
nick@nickwooten.com

*Attorney for Saccameno*

4

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on February 14, 2020, a true and correct copy of the foregoing **PLAINTIFF'S BRIEF ON THE POST JUDGMENT INTEREST ISSUE** was served upon counsel of record via electronic filing.

*/s/ Nick Wooten*
Nick Wooten